UNITED STATES *v.* KEE *et al.*

*(District Court, D. South Carolina. August 22, 1889.)*

1. OBSTRUCTING JUSTICE—INTIMIDATING WITNESS.
   Defendant is guilty of violating Rev. St. U. S. § 5399, providing a punishment for intimidating a witness by threats, etc., when he beats one summoned as a witness before a United States commissioner for the purpose of intimidating or influencing him in giving his testimony.
2. SAME.
   Where defendant, not knowing that one C. is a witness in a case in which defendant's father is summoned as a witness, threatens and beats C. on ac-

count of insulting language used by him concerning his father in connection, with the case, the beating having no relation to the character of C. as a witness, he is not guilty of a violation of section 5399.

Information for Intimidating a Witness.

*C. M. Furman*, Asst. Dist. Atty.

*J. K. Henry*, for defendants.

SIMONTON, J., (*charging jury.*)  You are trying an information against John Kee for violating section 5399, Rev. St.,—that is to say, for threatening, intimidating, impeding, and influencing one Ben Corder, a witness in a cause before a commissioner of this court.  In reaching your conclusion you must be satisfied by the evidence that the defendant did threaten and beat Ben Corder in the manner stated by the witnesses for the government.  Next, that defendant knew or had reason to know that Corder was a witness for the United States in the case before the commissioner.  Then, that he did threaten and beat him because he was such witness, and for the purpose of intimidating, impeding, or influencing him in giving his testimony.  The defense is that Corder had stated that the father of defendant, a very old man, who had professed during his whole life to be a "teetotaler," and of late years a prohibitionist, had secretly purchased whisky from a negro; that defendant had warned Corder if he ever repeated what he styled the "malicious falsehood," he would punish him; that his father had been summoned before the commissioner to testify to the fact of the sale in a case brought against the negro, and had been so summoned upon the information of Corder, given after the warning, defendant not knowing that Corder was himself a witness.  If you are satisfied that the threats and consequent beating were uttered and inflicted because of this insulting charge against the old man, having no relation to the character of Corder as a witness, without knowledge that he was a witness, and induced entirely by the repetition of the insult, you may find the defendant not guilty.  If the threats and violence were intended to prevent Corder from testifying, you may find defendant guilty.