## UNITED STATES v. TAYLOR.

(Circuit Court, E. D. Virginia. August 18, 1893.)

ELECTIONS—OFFENSES AGAINST UNITED STATES LAWS—INDICTMENT—SCIENTER.
    An indictment for obstructing United States officers in the discharge of their duties, by ejecting them from the polls where an election for a member of congress is being held, is fatally defective, when it does not charge a scienter.

Indictment of Robert Taylor for obstructing officers of the United States at a congressional election. Dismissed.

F. R. Lassiter, U. S. Dist. Atty.

James Lyons, for defendants.

HUGHES, District Judge. This is one of several indictments found against Robert Taylor and sundry other persons. The indictments charge the defendants named in them with unlawfully interfering with the election for a congressman of the United States, which was held on the 8th day of November, 1892, at the second precinct of Jackson ward, in the city of Richmond. It sets out that Clinton De Priest was United States supervisor of that election at that precinct, and that De Priest called to his support three United States deputy marshals to prevent himself from arrest and ejection from the polls, viz. George M. Travers, E. N. Rowe, and L. M. O'Brien. It charges that the accused hindered, interfered with, and obstructed, assaulted, and prevented the said De Priest, supervisor, and Travers, Rowe, and O'Brien, deputy marshals, in the lawful discharge of their duties under the laws of the United States at said election at said precinct, and prevented their free attendance and presence at the polls of election, and their full and free access to and egress from the polls, and violently ejected them from the said polls of election, and caused them to be removed from the said polls, and to be carried to and incarcerated in the city jail of the city of Richmond, without any legal authority or process whatever, other than a pretended warrant of arrest issued by said Robert Taylor, one of the defendants, contrary to the law of the United States, and against the peace and dignity of the United States.

The place of the holding of the United States circuit court for the eastern district of Virginia, by the grand jury of which the indictments were found, is not given. The term or time at which the court was held is not stated, and cannot be gathered from the indictments. The concluding charge of the indictment, embraced in the phrase, "contrary to the law of the United States, and against the peace and dignity of the United States," refers, textually and grammatically, only to the warrant of arrest, which it charges to have been issued by said Robert Taylor. A very forced construction of the language of the conclusion of the indictment is necessary to apply this essential charge to the allegations of violence at the polls, which is the real gravamen of the indictments.

It is useless, in the cases at bar, to consider the effect of these irregularities upon the validity of the indictments. There is a further omission in these instruments, which is of graver moment. It is hornbook law that in indictments for a large class of offenses a scienter must be charged. In an indictment for uttering forged paper, for instance, it is not sufficient to charge that the paper was forged, and that it was uttered by the accused; but it must be distinctly, and in express words, charged that the accused well knew the paper was a forgery when he passed it upon another person. This knowledge, this scienter, cannot be supplied by inference or implication from other allegations of the indictment. So

in regard to assaults upon officers of the law while engaged in the discharge of duties imposed by law. An assault by one person upon another may be criminally prosecuted with success under an indictment that does not charge a scienter, for here the common-law offense of assault is complete, whatever may be the character of the person assailed. But if, by statute law, the offense of assaulting an officer of government, in the discharge of a duty imposed by law, for the purpose of obstructing him in that duty, be made an offense, then something more is necessary than to charge that John Smith assaulted James Brown. The indictment must charge, not only the assault, but the offense of obstructing an officer of government, engaged in performing a duty imposed by law, and all such indictments must charge the scienter. For one person to assault another, who may happen to be an officer exercising some official function at the time, would be simply an offense at common law, unless the assailant knew that the assailed was an officer, and committed the assault upon him because he was an officer. In such a case the scienter is an essential ingredient of the offense, and must be expressly and particularly charged.

A fortiori is this so in cases of offenses against the United States, like those charged in the indictments at bar. The offense consisted in obstructing officers of the United States, as such, and assaulting and imprisoning them, while discharging their duties, under the laws of the United States, at the polls, in the election of a member of congress of the United States. The indictments could not have been found in this court unless the offenses charged had been committed against officers of the United States, acting as such in the line of duty imposed by laws of the United States. To assault an officer of the United States while happening to be engaged in performing some duty enjoined upon him by federal statute is only a common-law offense; and it becomes a statutory offense only when the assailant knows that the assailed is an officer of the United States, and makes the assault for the purpose of obstructing the officer in the discharge of duty imposed by laws of the United States. In such cases the scienter is an essential ingredient of the offense. As said by Judge Story in U. S. v. Keen, 5 Mason, 453, "In cases of that sort, it is the official character that creates the offense, and the scienter is necessary." To this may be added what the present chief justice said in Pettibone v. U. S., 148 U. S. 202, 13 Sup. Ct. Rep. 542: "If any essential element of the crime is omitted, [in the indictment,] such omission cannot be supplied by intendment or implication. The charge must be made directly, and not inferentially, or by way of recital." The indictments at bar are absolutely silent in this particular. None of them charge that the accused obstructed, assaulted, and incarcerated De Priest, Travers, Rowe, O'Brien, and others, knowing that they were officers of the law, engaged in performing duties enjoined by law, and, what is more important, knowing that they were officers of the United States, engaged in performing duties imposed by laws of the United States. They are therefore fatally

defective. Authorities on this point might be vouched in pro-
fusion, but the principle is so plain that I do not think it neces-
sary to cite them.

All these indictments must be dismissed.