## UNITED STATES v. PATTERSON.

(District Court, S. D. Florida. January 31, 1923.)

### No. 1858.

Bribery ⬳6(1)—Indictment held insufficient.

An indictment under Penal Code, § 39 (Comp. St. § 10203), relating to bribery of government officials, which was silent as to what department or officer of the government the persons were acting under, or by whose authority they purported to act, describing such officers only as "General Prohibition Agents," was insufficient.

Indictment for bribery by the United States of America against James Patterson. On motion to quash. Motion sustained.

U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla.

F. D. Brennan, of Jacksonville, Fla., for defendant.

CALL, District Judge. The first count in the indictment in this case charges that the defendant offered and gave to certain persons acting for and in behalf of the United States in an official function, to wit, C. S. Rose and W. E. Spencer, general prohibition agents of the United States, certains sums of money, to wit, $20, with intent to influence said

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Rose and said Spencer in their decisions and actions in matters and proceedings which might thereafter be brought before them in their official capacity aforesaid, and with intent to influence them, the said Rose and Spencer, to collude in and allow a fraud on the United States, and to induce them, the said Rose and Spencer, to omit to do an act, in violation of their lawful duties as such officers aforesaid, to wit, to permit and allow the said defendant, James Patterson, to unlawfully make, possess and dispose of intoxicating liquors. The second count is materially the same, except that the persons to whom the money was offered and given are four instead of two.

The defendant challenges this indictment by a motion to quash on several grounds. The first is that this indictment fails to charge an offense under section 39 of the Penal Code (Comp. St. § 10203). In discussing this ground, the other grounds will be materially covered. The persons to whom the money was offered and given are not described as officers of the government. Therefore, in order to allege a violation of the section, facts must be alleged to bring them within the second class mentioned in the section. The portion of the section having reference to this second class of persons is as follows:

Section 39, Penal Code: "Whoever shall promise, offer, or give * * * any money * * * to any person acting for or on behalf of the United States in any official function, under or by authority of any department or officer of the Government thereof * * * with intent to influence his decision or action on any question * * * or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity * * * or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud * * * or to induce him to do or omit to do any act in violation of his lawful duty."

The indictment is silent as to what department or officer of the government under which the persons were acting or by whose authority they purported to act. "General prohibition agents" is the way they are described in the indictment. By whom appointed or delegated is not charged. No allegation as to the duties pertaining to such "general prohibition agents," nor what official functions they were to perform on behalf of the United States. Allegations sufficient to show that the persons to whom the money was offered and given are included in the class Congress intended to protect from bribery are necessary to charge a violation of the section.

This is purely a statutory offense, and an indictment, to be valid, must bring the offense charged within the terms of the statute denouncing it.

The motion to quash will be sustained.