## UNITED STATES v. MILBURN et al.

(District Court, S. D. Florida, at Tampa, Transferred to Miami. April 14, 1923.)

### Nos. 514, 515.

1. **Conspiracy** ⊂⟹43(4)—**Indictment for conspiracy to bribe must allege scienter.**

An indictment for conspiracy to bribe must allege defendants' knowledge of the official character of the person to whom the bribe was offered.

2. **Bribery** ⊂⟹6(1)—**Indictment for accepting bribe held good.**

An indictment for bribery must allege knowledge by the defendants offering the bribe of the official character of the person bribed; but such averment is not necessary to the charge of accepting a bribe.

3. **Bribery** ⊂⟹6(1)—**Of prohibition agent held offense.**

Averments of an indictment for bribery of a prohibition agent *held* sufficient to show that such agent was within the class of officials bribery of whom is made an offense by Criminal Code, § 39 (Comp. St. § 10203).

Separate criminal prosecutions by the United States against Robert W. Milburn and others. On demurrers to indictments and motions to quash. Demurrer sustained and motion granted, as to first indictment. As to second indictment, demurrer sustained and motion granted as to defendants other than Milburn; as to him, demurrer overruled and motion denied.

William M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey and Harry W. Reinstine, Asst. U. S. Attys., both of Jacksonville, Fla.

Cary D. Landis, of Deland, Fla., Blackwell, Donnell & McCracken and C. D. Abbott, all of West Palm Beach, Fla., and Clark & Maxwell and Bart A. Riley, all of Miami, Fla., for defendants.

CLAYTON, District Judge. Indictment No. 514 charges that Milburn, "as a general prohibition agent appointed under authority of the National Prohibition Act," etc., "whose duty it was to enforce the provisions of the National Prohibition Act," and the other defendants, Drawdy, Thompson, Parker, and Baker, "did unlawfully, knowingly, wickedly, and feloniously combine, conspire, confederate," etc., "* * * to offer and give, and cause and procure to be offered and given, certain moneys," etc., "* * * to the said Robert W. Milburn, then and there acting in his official capacity and function as aforesaid, with intent to induce him, the said Robert W. Milburn to do and omit to do certain things in violation of his duty, to wit, to permit and aid and assist the said George W. Drawdy to import and transport intoxicating liquors into and within the United States without a permit so to do, as required by title II of the National Prohibition Act." Then the indictment sets forth the plan and scheme of the conspiracy.

The four last named defendants demur to the indictment, upon the ground that it is not alleged therein that they knew that the alleged officer to whom it is claimed money was to be offered or given was in

⊂⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fact an officer. So far as such defendants are concerned, the demurrer points out a defect in the indictment fatal to its validity.

[1] It is well settled that an indictment for a conspiracy to bribe must set forth the defendant's knowledge of the official character of him to whom the bribe was offered, and the same is true in the case of bribery. In cases of this sort the official character is the fact upon which the offense is bottomed, and therefore the scienter, or the knowledge of this fact, is an indispensable allegation in the indictment. Pettibone v. United States, 148 U. S. 197, 205, 13 Sup. Ct. 542, 37 L. Ed. 419; Colson v. State, 71 Fla. 267, 71 South. 277.

It follows logically that, if these four defendants be stricken from the indictment by an order sustaining their demurrer and quashing the indictment as against them, but one person would be left, namely, Robert W. Milburn, the prohibition agent, and that he could not be required to answer to a conspiracy where he is the only defendant charged with the conspiracy. The offense of conspiracy necessarily involves the confederation of two or more persons together. Milburn could not conspire with himself alone.

[2] As to indictment No. 515, it must be said that it is not alleged that the defendants Drawdy, Thompson, and Parker knew of the official character of Milburn, who is charged to have been bribed. What has been said above on this question in the consideration of the indictment No. 514 is applicable to this indictment. Therefore this indictment, as against Drawdy, Thompson, and Parker, is not good, and their demurrer must be sustained.

[3] As to the defendant Milburn, in this case, No. 515, bribery, I think his demurrers are not well taken and they must be overruled; as he is the officer charged and his official capacity is set out, and he is alleged to have accepted $700 with intent to have his action in his official capacity influenced thereby, the allegations are a sufficient charge of the acceptance of a bribe by Robert W. Milburn, an official of the United States. Sharp v. U. S., 138 Fed. 878, 71 C. C. A. 258. I think that the allegations are sufficient to show that the person to whom money was offered and given is included in the class, officials, Congress intended to protect from bribery. Bearing on this proposition is the case of U. S. v. James Patterson, 286 Fed. 760, decided by Judge Call January 31, 1923.

Order will be entered sustaining the demurrers of the defendants Drawdy, Thompson, Parker, and Baker in No. 514, and motion to quash this indictment, No. 514, against all five of the defendants, including Milburn, will be granted.

As to indictment No. 515 against Milburn, Drawdy, Parker, and Thompson (Baker is not included in this indictment), the demurrers of Drawdy, Parker, and Thompson will be sustained and their motions to quash granted. Milburn's demurrer and motion to quash will be overruled and denied.