## HENDERSON v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
March 1, 1928.

No. 2675.

Bribery ⟨⟨⟨6(1)—Indictment for offering bribe to federal prohibition agent held sufficient (Cr. Code, § 39 [18 USCA § 91]).

Indictment under Criminal Code, § 39 (18 USCA § 91; Comp. St. § 10203), for offering a bribe to a prohibition agent, *held* not insufficient, because it did not use the words "corrupt intent," nor because it did not in terms aver that defendant knew that the agent was such, where it set out facts showing such knowledge.

In Error to the District Court of the United States for the Eastern District of North Carolina, at New Bern; Isaac M. Meekins, Judge.

Criminal prosecution by the United States against John Henderson. Judgment of conviction, and defendant brings error. Affirmed.

Charles L. Abernethy, of New Bern, N. C. (J. H. Davis and Abernethy & Abernethy, all of New Bern, N. C., on the brief), for plaintiff in error.

Irvin B. Tucker, U. S. Atty., of Whiteville, N. C.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. The plaintiff in error, who was the defendant below, and who will be referred to here as the defendant, was charged in the District Court of the United States for the Eastern District of North Carolina, at New Bern, with violating section 39 of the United States Criminal Code (18 USCA § 91), and was convicted and sentenced to serve a year and a day in the Atlanta penitentiary and fined $200.

The material part of the bill of indictment reads as follows:

"Unlawfully, willfully, and feloniously promise and offer one P. L. Flinchum the sum of $1,800, represented by certificate in possession of defendant, which said defendant offered to cash and turn over to him the money for same, to wit, $1,800 in currency, to the said P. L. Flinchum, the said Flinchum being an officer of the United States, acting for and in behalf of the United States in an official function, and under the authority of the Treasury Department of the government of the United States, to wit, a federal prohibition agent, with intent to influence him, the said Flinchum, and to induce him to act in violation of his lawful duty, by releasing the said John Henderson and the automobile of said John Henderson, to wit,. Marmon Club coupé, motor No. erased, license number C–28106, N. J. 1927, serial number 23556, while the said Flinchum, federal prohibition agent as aforesaid, was in the act of arresting said defendant, and searching and seizing his car, above described, for violation of the National Prohibition Act, to wit, for the unlawful possession and transportation of intoxicating liquors," etc.

It appears from the evidence that a federal prohibition officer seized a car in possession of the defendant, and found in it 218 quarts of liquor. Upon the seizure of the car, the prohibition officer informed the defendant that he was a federal prohibition officer, and the defendant then showed the officer a paper, purporting to be a certificate payable by the Western Union Telegraph Company, for $1,800, and stated that he would get it cashed and give the money to the officer, if he, the officer, would let the defendant go free.

A demurrer to the indictment was overruled, and upon trial the defendant was found guilty by the jury. A motion was made in arrest of judgment, on the ground that the verdict was "inconsistent and repugnant" to the evidence, which motion was overruled, and the defendant sentenced.

There are two assignments of error, one based on the court's action in overruling the demurrer to the indictment, and the other upon the action of the court in denying the motion in arrest of judgment.

It is contended on behalf of the defendant that the evidence did not show that the defendant knew that the man arresting him was a prohibition officer, but an examination of the testimony shows that the officer informed the defendant that he was such an officer. There seems to be no good ground for this contention.

It is also contended that the indictment is faulty, in that it does not allege facts sufficient to constitute a crime under the laws of the United States. Our reading of the statute and the indictment leads to the opposite conclusion.

The statute makes it an offense to promise, offer, or give any money or other thing of value to an officer of the United States, or any person acting for or on behalf of the United States in any official function, with intent to influence his action or decision on any question which may, by law, be brought before him in his official capacity. The indictment certainly states facts sufficient to clearly bring the offense within the statute.

"The accused is not entitled to demand that all special or particular means employed in the commission of the offense should be more fully set out in the indictment, where the words of such indictment directly, and without ambiguity, disclose all the elements essential to the commission of the offense charged." Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392.

The case of United States v. Green (D. C.) 136 F. 618, relied upon by attorneys for the defendant, has very little, if anything, in common with the case under consideration, and is in no way controlling of the questions here raised.

It is urged that the indictment is defective, because the words "corrupt intent" are not used. Section 1691, Compiled Statutes (R. S. § 1025 [18 USCA § 556]) provides:

"No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

Under this statute the indictment is sufficient. The corrupt intent is necessarily to be inferred from the language of the indictment, and failure to use the particular words "corrupt intent" does not render the indictment defective.

"It seems clear that an indictment against a person for corruptly or by threats or force endeavoring to influence, intimidate, or impede a witness or officer in a court of the United States in the discharge of his duty, must charge knowledge or notice, *on set out facts that show knowledge or notice,* on the part of the accused that the witness or officer was such." Pettibone v. U. S., 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419. (Italics ours.)

The offense charged is a statutory one, and not the common-law offense of bribery, and for that reason many of the authorities relied on by counsel for the defendant are not in point.

Had the defendant felt the need of a more detailed statement of the facts as to the offense charged he could have demanded a bill of particulars. This he did not do. The evidence shows that the paper alleged in the indictment as being shown by the defendant to the officer was never in the possession of the government, or out of the possession of the defendant, and he certainly cannot be injured by the failure to describe with greater particularity a document of which he had full knowledge and of which he was in possession.

It is also urged that the indictment should allege knowledge on the part of the accused that the man to whom the offer or promise was made was an officer. We think the indictment does this sufficiently, in that it sets out facts that show knowledge on the part of the accused that the officer was such. Pettibone v. U. S., supra; Cohen v. U. S. (C. C. A.) 294 F. 488; Bradshaw v. U. S. (C. C. A.) 15 F.(2d) 970; Gay v. U. S. (C. C. A.) 12 F.(2d) 433.

The demurrer to the indictment was properly overruled, and the evidence was sufficient to support the verdict.

The judgment of the court below is affirmed.