## COOK et al. v. UNITED STATES.
### No. 9576.

Circuit Court of Appeals, Fifth Circuit.

Feb. 1, 1941.

No appearance was entered on behalf of appellants.

Toxey Hall, U. S. Atty., of Jackson, Miss., and W. J. Vollor, Asst. U. S. Atty., of Vicksburg, Miss., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

Henry Cook and Austin Cook were convicted on count two of an indictment which charged that they had by the use of a deadly weapon resisted and assaulted a federal officer in violation of 18 U.S.C.A. § 254.

The record shows that Julian C. Wood was an Investigator of the Alcohol Tax Unit of the Internal Revenue Service, and that on December 2, 1939, he went with a local constable, Mitchell Currie, to the home of Henry Cook in Simpson County, Mississippi. Currie and Wood talked with Henry Cook in front of his home, and during the conversation Wood heard Cook admit previous sales of whiskey to Currie and another constable, L. D. Murray. Wood also observed a half pint bottle of whiskey in Cook's pocket. Wood informed Cook that he was a federal revenue officer and told him he was under arrest. Wood placed a handcuff on Cook's wrist and Cook began to fight and call for his two sons. The Cook boys, Austin (or Auston) and James, who were back of the house, heard their father call for help. They came to his assistance and in the fight which followed James was killed by the constable and the constable was shot. Henry and Austin brutally beat Investigator Wood, took his watch and gun, and left him lying unconscious on the ground.

On appeal the assault on the officer and the use of a deadly weapon is not denied. It is contended, however, that Austin Cook did not know that Wood was a federal officer; that Henry Cook had a right to resist arrest since Wood had no warrant, and that for these reasons the court erred in refusing to direct a verdict for the defendants.

The witness W.S. Newman, an Investigator of the Alcohol Tax Unit, testified that Austin Cook freely and voluntarily stated to him that at the time of the fight he knew that Wood was an agent of the Internal Revenue Service, and that he had assaulted and resisted Wood in an effort to prevent him from arresting his father, Henry Cook. This evidence, if believed, was sufficient to show that Austin Cook knew that Wood was a federal officer engaged in the performance of his official duties.

There is no merit in the contention that Henry Cook was authorized to resist arrest because Wood had no warrant. Wood was fully and reliably informed of Cook's violations of the revenue laws, and was engaged in the performance of his official duties when he attempted to arrest Cook. Barrett v. United States, 7 Cir., 82 F.2d 528.

The evidence was sufficient to support the conviction of each of the defendants and the request for a peremptory instruction of not guilty was properly refused.

The judgment is affirmed.