## PALMQUIST v. UNITED STATES.

### No. 11115.

Circuit Court of Appeals, Fifth Circuit.

April 14, 1945.

Rehearing Denied May 22, 1945.

R. A. Hendricks, of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

PER CURIAM.

Earl P. Carter, an officer of the Alcohol Tax Unit of the Internal Revenue Department of the United States, together with officers Morgan and Fox of the State Beverage Department of the State of Florida, having information of the existence of an illegal still in the vicinity and expecting the transportation of illicit moonshine liquor away from the still, on the night of July 29, 1943, met a truck coming from the direction of the still, which truck was crowded off the road by Officer Carter through the use of his car. The truck, in which defendant and one E. L. Brown were riding, belonged to the defendant Palmquist, and was being driven by one Bob Stiles, a colored man. The officers had no warrant for the arrest of either occupant, nor for the search of the truck, and there is much argument pro and con on the question of whether or not the officers were acting lawfully in stopping the truck with the evident purpose of searching the same for liquor. Two of the officers testified that when they crowded the truck off the road and stopped it, Federal Officer Carter called out: "Federal officers! Hold everything!" This testimony was corroborated by the negro driver of the truck who testified that he heard the officers say, "Federal men!"

The defendant and Brown denied hearing Carter identify himself as a Federal officer and the defendant testified that he thought it was a hold-up. At any rate, the defendant came out of the truck with a double-barreled shotgun and drove the officers away, so that there was no arrest of the defendant, nor was any search or further effort made to search the truck after it was stopped. There was no request by the officers for permission to search the truck.

Palmquist was indicted and convicted under the first count of an indictment which, in substance, charged him with unlawfully, knowingly, willfully, and forcibly resisting, opposing, impeding, intimidating, and interfering with a Federal officer and employee engaged in the performance of his official duties, to wit, investigation into the manufacture and transportation of distilled spirits in violation of the Internal Revenue Laws of the United States and in making an effort to apprehend the person or persons violating such laws, by assaulting such officer with a shotgun and forcing him to abandon the apprehension of the person or persons engaged in the manufacture and transportation of said illicit liquor.

The defendant moved to suppress the evidence on the ground that it was unlawfully obtained because of the absence of a search warrant. There was also a demurrer to the indictment on the ground that it failed to name the persons alleged to be illegally engaged in the manufacture and transportation of liquor or the time and the place where the officers were attempting to perform their duties. There was a plea that the Court was without jurisdiction to try the case because of the illegal manner in which the evidence was obtained. There was a motion for a bill of particulars. There were objections to the introduction of evidence and to charges given and refused by the Court. In view of the Harmless Error Statutes, Sec. 556, 18 U.S.C.A., Sec. 1025, Rev.Stat., and Sec. 391, 28 U.S.C.A., § 269, Jud.Code, we are of the opinion that all of the specifications of error are without sufficient merit to warrant discussion other than the following: (1) Whether the evidence upon which the case was based was obtained in violation of the defendant's constitutional right against unreasonable search and seizure because of the failure to obtain a search warrant for defendant's truck; and (2) what would be the effect of such failure to obtain a search warrant in the event, under the circumstances of this case, the officers had no right to search the truck without a warrant.

We do not deem it necessary to discuss the principles of lawful searches and seizures for the reason that there was no arrest and there was no search made of either the truck or the person of the defendant for violations of the liquor law. There was no information as to the illegal manufacture or transportation of liquor gained by the officers' contact with the defendant on the night in question, and he is not being tried for any offense that a search of the truck could have revealed. It is debatable, but unnecessary to decide, whether the officers in this case were without right, under the circumstances, to stop defendant's truck, in view of the information possessed by them, after they saw its blinking lights and that it was coming from the direction of a suspected still and on the road in which a liquor truck was expected, at or about the time expected. But we do not see how the constitutional rights of a defendant against unreasonable search can be said to have been violated when there was no search. None of the evidence necessary for a conviction in this case was obtained by virtue of a search, lawful or otherwise, and the motion to suppress the evidence and other kindred defenses were without merit. The issue in the case is whether or not the defendant knowingly resisted Federal officers in the attempted performance of their duty. This was an issue of fact which the jury resolved against the defendant, with substantial evidence to support its verdict. Two officers and the truck driver testified that when the officers first arrived at the scene Officer Carter announced that they were Federal officers. If the defendant knew they were Federal officers, even though he also knew they were planning to search his truck without a warrant, he, nevertheless, had no right to assault them with a shotgun. See Cook v. United States, 5 Cir., 117 F.2d 374. If the jury had believed that the defendant truly thought himself to be resisting a hold-up, there would have been an acquittal, but it found on ample evidence that defendant knew he was resisting Federal officers in the attempted performance of official duty.

The judgment is affirmed.

On Petition for Rehearing.

Our case of Brown v. United States, 47 F. 2d 681, which arose under a kindred statute, is urged on motion for rehearing. We do not depart from the law stated in that case, but what was in question there was the propriety of the Court's charge, and not the sufficiency of the facts proved. In the present case, beside the things recited in the original opinion, there was testimony that after the officers stopped the truck of Palmquist by blocking the road and announcing: "Federal officers hold everything", Palmquist speeded up his motor and tried to get away, but the officers put the bumper of their car against the rear fender of the truck so that is wheels merely spun in the mud, and then Palmquist came forth pointing his gun. Another officer came towards him saying: "You know me. I am Dick Morgan." But Palmquist answered: "I don't give a God damn who you are." There was no further effort to search the truck, but Palmquist continued to threaten the officers with the gun, and they were made to get into their car and leave the scene. There was no further search for the still then, but one was found two days later about a quarter of a mile away. The evidence as a whole justified the conviction of the offense charged.

Rehearing denied.