Loy Buford HALL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15929.

United States Court of Appeals
Fifth Circuit.

Aug. 3, 1956.

S. B. Wallace, Griffin, Ga., for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in the District Court sentencing Hall to two years imprisonment on a verdict of the jury finding him guilty of unlawfully, wilfully and knowingly assaulting, resisting, impeding, opposing and intimidating two federal agents in the performance of their official duties in violation of 18 U.S.C.A. § 111. Appellant contends that the evidence was insufficient to support the verdict and the only question before us is addressed to this point.

Agents Lucas and Satterfield of the Alcohol and Tobacco Tax Division of the Internal Revenue Department had participated in the seizure of a non-registered whiskey still. Bill Parsons was arrested but escaped, and another unidentified man had escaped. The officers then drove to the residence of Parsons in the hope of apprehending him there. Upon arrival they saw an automobile in the front yard with the front door open and Hall, his clothes dirty, trousers wet to the knees, and face smutty and scratched, talking to Parson's wife. As Hall began to depart, the agents called to him to wait, that they wanted to talk to him. Wearing a gold badge in plain view, Officer Lucas approached Hall, who took a few steps backward, reaching into his jacket pocket in which the officers recognized the outline of a pistol. Lucas grabbed Hall's hand and took the pistol from him, stating "we are federal officers, just want to talk to you." When Lucas took the pistol to his car Hall attempted to grab Satterfield's gun from its holster. A struggle followed in which Hall was finally subdued.

Appellant contends that there is no evidence that the officers had a right to stop and question him or to arrest him, and that the evidence does not clearly reveal that appellant was ever informed of the fact that Lucas and Satterfield were federal officers. Further, appellant contends that he did not assault the officers.

At the time of the encounter the officers were engaged in their official duties. While their primary purpose was to locate and apprehend Parsons, they also had an interest in discovering and apprehending the other man who had escaped. Seeing the condition of Hall and his waiting automobile, they had sufficient grounds to stop and question him, as well as the right to do so. Carter v. United States, 5 Cir., 1956, 231 F.2d 232.

Hall was under no duty to answer, but in refusing to answer he had no right to resort to the attempted use of firearms. The contention of appellant that the officers had no right to arrest him is without basis as no arrest was attempted at the time the officers first approached Hall.

The issues presented were clearly jury questions. Before Hall could be found guilty of the offense charged the Government was required to show that he was aware that Lucas and Satterfield were federal officers. Carter v. United States, supra. Adequate evidence was adduced from which the jury was justified in finding that Hall was aware that the men approaching him for questioning were federal officers, and that Hall attempted forcibly to resist and that he assaulted the officers. The verdict against the appellant was clearly supported by the evidence. See Cook v. United States, 5 Cir., 1941, 117 F.2d 374; Palmquist v. United States, 5 Cir., 1945, 149 F.2d 352; Owens v. United States, 4 Cir., 1953, 201 F.2d 749; and cf. Jencks v. United States, 5 Cir., 1955, 226 F.2d 540, 547, citing Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

It appearing that the judgment of the Court below is right, it is

Affirmed.