UNITED STATES of America,
Appellee,

v.

John BURGOS and Mario Reveron,
Defendants-Appellants.

No. 179, Docket 27821.

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1963.

Decided Feb. 19, 1964.

John E. Sprizzo, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and Andrew T. McEvoy, Jr., Asst. U. S. Atty., on the brief), for appellee.

James F. Dwyer, New York City (Satterlee, Warfield & Stephens, New York City, on the brief), for defendants-appellants.

Before CLARK,* SMITH and HAYS, Circuit Judges.

PER CURIAM.

Defendants appeal from convictions in the United States District Court for the Southern District of New York on two counts: (1) violation of 18 U.S.C. § 111 [1] by assaulting with deadly weapons a federal narcotics agent engaged in the performance of official duties, and (2) violation of 18 U.S.C. § 372 [2] by conspiring to injure a federal officer engaged in the performance of official duties. Judge Dimock, sitting without a jury, found both defendants guilty and sentenced defendant Burgos to nine years on the first count and to six years on the second, with the sentences to run concurrently. Defendant Reveron was sentenced to seven years on the first count and to six years on the second, with the sentences to run concurrently.

Counsel for the defendants very ably urge several errors below involving serious and difficult questions of law. However, we find it unnecessary to decide these questions, for the record in this case indicates that the defendants have not been prejudiced by the rulings of the trial court on these questions.

▄▄ The first ground for appeal is that Judge Dimock erred in ruling that scienter or knowledge that the victim of the assault was a federal narcotics agent is not a necessary element of the crime set out in 18 U.S.C. § 111. The decisions of the other circuits have not been uniform in answering the question. Compare Bennett v. United States, 285 F.2d 567, 570 (5 Cir. 1960), cert. denied 366 U.S. 911, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961), with Hall v. United States, 235 F.2d 248, 249 (5 Cir. 1956) and Sparks v. United States, 90 F.2d 61 (6 Cir. 1937). But it is unnecessary for us to determine in this case whether scienter must be proven, for Judge Dimock explicitly found that the defendants knew their victim was a federal narcotics agent when the assault was committed. Cf. Portnoy v. United States, 316 F.2d 486, 488 (1 Cir. 1963). The evidence is ample to support this finding as to the first count. Although the evidence does not support a finding of such knowledge as to the second count, the sentences on the conspiracy count are concurrent and for a lesser period than those imposed on the substantive count. Since we uphold the conviction on the substantive count, validity of the conviction on the conspiracy count need not be reviewed. United States v. Soblen, 301 F.2d 236, 240 (2 Cir. 1962), cert. denied 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962).

▄ Similarly we need not decide whether the trial court should have de-

---

* Judge Clark heard argument in this case, but died before this opinion was prepared.

1. "§ 111. Assaulting, resisting, or impeding certain officers or employees
  "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.
  "Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. "§ 372. Conspiracy to impede or injure officer
  "If two or more persons in any State, Territory, Possession, or District conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined not more than $5,000 or imprisoned not more than six years, or both."

termined merely whether there was a preponderance of the evidence tending to prove guilt on appellants' motion for acquittal at the end of the prosecution's case. At that time the evidence in this case was sufficient to meet the more stringent test—whether a jury could believe the defendants guilty beyond a reasonable doubt. See United States v. Leitner, 312 F.2d 107 (2 Cir. 1963).

 Nor do we find it necessary to pass on whether Reveron's admissions were truly voluntary, for Judge Dimock expressly excluded this allegedly involuntary confession from his consideration. While a jury may be thought to lack the expertise necessary for the mental gymnastics involved in such compartmentalization, it is universally held that an experienced judge does not.

The convictions are affirmed.