UNITED STATES of America, Appellee,

v.

Joseph MONTANARO, Defendant-Appellant.

No. 423, Docket 30359.

United States Court of Appeals Second Circuit.

Argued June 2, 1966.

Decided June 22, 1966.

**528**

Raymond Bernhard Grunewald, Asst. U. S. Atty., Eastern District of New York (Joseph P. Hoey, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Jerome Lewis, Brooklyn, N. Y., for defendant-appellant.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

Joseph Montanaro appeals from a conviction on two counts of assault upon federal officers in violation of 18 U.S.C. § 111, after trial by jury before Judge Mishler. He was sentenced to a year and a day, concurrent, on each count, and to a fine of $1250 on each count. We find no error and affirm the judgment.

Montanaro was stopped by Internal Revenue Agents while proceeding in his car in Brooklyn. The agents had a warrant for Montanaro's arrest for violation of federal gambling tax statutes. As Montanaro passed the agents, they used their cars to surround him, and apparently left a small aperture through which a car might have continued. The agents testified they were waving their badges as they approached. Montanaro said he saw no such thing and heard no claim of federal authority. His car hit Agent Foy and then Agent Bellon; neither agent was seriously injured. Montanaro claimed he had already been dragged from his car when the car's momentum carried it into the agents. On appeal we view the evidence in the light most favorable to the government, prevailing below. United States v. Robbins, 340 F.2d 684 (2 Cir. 1965); United States v. Kahaner, 317 F.2d 459 (2 Cir.), cert. denied Keogh v. United States, 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963).

The District Court charged the jury that the government did not need to show that defendant knew the agents were federal agents. This was in accord with United States v. Lombardozzi, 335 F.2d 414 (2 Cir.), cert. denied 379 U.S. 914, 85 S.Ct. 261, 13 L.Ed.2d 185 (1964). Appellant now asks that this doctrine be re-examined. We adhere to this recent, considered opinion. Compare Kasle v. United States, 233 F. 878, 882 (6 Cir. 1916); United States v. Sherman, 171 F.2d 619 (2 Cir. 1948), cert. denied, Grimaldi v. United States, 337 U.S. 931, 69 S.Ct. 1484, 93 L.Ed.2d 1738.

We find no merit in appellant's contention that because the gambling tax statutes may in the future be held unconstitutional, the officers assaulted were not in the performance of their official duties. There is no claim that the warrants were not on their face valid, and correct in form, and the statutes had been upheld. United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953).

Nor does Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L. Ed.2d 199 (1957) aid appellant here. There was evidence from which the jury was entitled to find two successive assaults, first on Foy and then on Bellon. Cf. Cameron v. United States, 320 F.2d 16 (5 Cir. 1963).

Judgment affirmed.