James Stanley PIPES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24965.

United States Court of Appeals
Fifth Circuit.

July 30, 1968.

Rehearing Denied Nov. 1, 1968.

Neil Heimanson, Atlanta, Ga., for appellant.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The appellant was convicted on an indictment charging he "willfully did forcibly assault * * * an officer and employee of the Bureau of Prisons of the Department of Justice, knowing him to be such officer, while the said [officer and employee] was engaged in the performance of his official duties, in violation of 18 U.S.C. § 111, as limited by 18 U.S.C. § 1114." [1]

Appellant was an inmate of a United States penitentiary, assigned to a laundry detail, and was found guilty of assaulting a supervisor of the laundry who was employed by the Bureau of Prisons. The laundry supervisor was within the persons covered by 18 U.S.C. § 1114.

1. 18 U.S.C. § 111 reads as follows:
"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.
"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."
18 U.S.C. § 1114 reads in pertinent part as follows:
"Whoever kills any judge of the United States, any United States Attorney,

any Assistant United States Attorney, or any United States marshal or deputy marshal or person employed to assist such marshal or deputy marshal, any officer or employee of the Federal Bureau of Investigation of the Department of Justice, any post-office inspector, any officer or employee of the secret service or of the Bureau of Narcotics, any officer or enlisted man of the Coast Guard, any officer or employee of any United States penal or correctional institution, any officer, employee or agent of the customs or of the internal revenue or any person assisting him in the execution of his duties, * * *."

Appellant contends that he was entitled to a directed judgment of acquittal at the close of the Government's case and that the evidence was insufficient to sustain the conviction. He contends that there was no evidence introduced by the Government as to whether he had knowledge that the person assaulted was a federal officer and contends that the Government was required to show that he had knowledge that the person whom he acted against was a federal officer. He cites three Fifth Circuit cases in support of his contention that scienter is a necessary element to the offense, namely, Hall v. United States, 5 Cir. 1956, 235 F.2d 248; Carter v. United States, 5 Cir.1956, 231 F.2d 232; and Hargett v. United States, 5 Cir.1950, 183 F.2d 859. All of these cases involved 18 U.S.C. § 111 offenses. However, this circuit in 1960 decided Bennett v. United States, 5 Cir.1960, 285 F.2d 567, in which we held, without mentioning our prior contrary holdings in Hall, Carter and Hargett, supra, that an indictment under Section 111 was not insufficient because it failed to include the element of scienter. Judge Tuttle, writing the opinion for the Court, said (285 F.2d at 570, 571):

"The statute making criminal such acts as those of which he was convicted does not require that the doer of the act have knowledge that the person who is assaulted, resisted, opposed, impeded, intimidated, or interfered with is a federal officer. It merely requires that the act condemned be done in order to establish a violation of the statute, and the provisions of the section apply to 'whoever' does the act, whether he does it with knowledge of the character of the person whom he acts against and whatever his intent in so acting."

The Bennett opinion cited with approval McNabb v. United States, 6 Cir. 1941, 123 F.2d 848, in which appellant complained that the jury should have been instructed that the defendants could not be convicted unless they knew or had reasonable grounds to believe that a murdered man was a Government officer. (The case was concerned with a Section 1114 violation.) The McNabb court said that "Refutation of this specious argument is found in the plain language of the statute: * * * *" and "To be amenable to punishment under this section of the Criminal Code of the United States, the killer need not know that he is killing an officer, agent or employee of the United States." The Court said: "Jurisdiction in the federal courts * * * stems from the actuality that the person killed is a designated federal officer, engaged in the performance of his official duties. In the language of the statute * * *, no exemption is expressly made of a killer who does not know that he is killing a federal officer of a class covered by the statute. Exemption may not be implied. The words and the intent of the statute are clear beyond the necessity for any canonical construction. The statute says, 'whoever shall kill,' not 'whoever shall kill with knowledge that he is killing' a federal officer of an enumerated class, shall be punished." (123 F.2d at 854, 855.)

█ Though there is authority to the contrary, we believe that our holding in Bennett is the better rule and expressly reaffirm and adhere to the principle stated therein that scienter is not required either in the indictment or in the proof to sustain a Section 111 conviction.

The Fourth Circuit is of the same view, as we note in its recent decision in United States v. Wallace, 4 Cir.1966, 368 F.2d 537, in which the Court observed:

"Title 18, § 111 prescribes a penalty for a forcible assault upon or interference with a federal official as defined in § 1114 while the official is 'engaged in or on account of the performance of his official duties.' The statute contains no words which can reasonably be said to require that the actor know at the time that the victim of the assault, or the person with whom he interferes is a federal officer engaged in his official duty."

*Wallace* cited with approval our holding in *Bennett*, also the Sixth Circuit's holding in *McNabb*, and the Second Circuit's holding in United States v. Lombardozzi, 2 Cir.1964, 335 F.2d 414, 10 A.L.R.3d 826.

In United States v. Lombardozzi, supra, the Second Circuit reviewed the cases in the various circuits on this subject, including our own holding in *Bennett*. It held that scienter was not necessary in a Section 111 case, and said:

"The courts should not by judicial legislation change the statute by adding, in effect, the words 'with knowledge that such person is a federal officer.' The reasoning in McNabb and Bennett is far more persuasive as to the proper construction to be placed upon section 111 than those cases which write the element of scienter into a statute which does not contain this requirement." (335 F.2d at 416.)

To the same effect, see the Second Circuit's later decision in United States v. Montanaro, 2 Cir.1966, 362 F.2d 527. See also United States v. Burgos, 2 Cir. 1964, 328 F.2d 109. We believe that the logic of *Bennett, Wallace* and *Lombardozzi* is compelling, for we are not authorized to rewrite a criminal statute of Congress and interline language therein which would clearly change its intent and meaning.

Here the proof was also adequate that the appellant knew that the assaulted person was a federal officer (or employee) as charged in the indictment.

Affirmed.

GODBOLD, Circuit Judge (concurring in part, dissenting in part):

I concur in the result. The indictment charged that appellant knew the laundry supervisor was a federal officer or employee. There was sufficient evidence that appellant had such knowledge, and the last paragraph of the majority opinion so states. Nothing more needed to be said.

I must record my dissent from the remainder of the opinion. It has long been the settled law of this circuit, rendered in head-on decisions, that in a prosecution under 18 U.S.C.A. § 111 it must be proved that the defendant had knowledge that the victim of his wrongful conduct was a federal officer. The unnecessary discussion by the majority seeks to raise to the status of new law in this circuit a dictum in Bennett v. United States, 285 F.2d 567 (5th Cir.1960), cert. denied, 366 U.S. 911, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961), a case in which the necessity of proof of knowledge was not an issue and in which there was no mention of the previous decisions of this court holding there must be proof of knowledge.[1]

The rule of this circuit requiring proof of knowledge has been stated and restated in express holdings of unmistakable clarity, precision and emphasis. In Hargett v. United States, 183 F.2d 859 (5th Cir.1950), a § 111 case, the government squarely met the issue of knowledge by the defendants that the victims of an assault were federal officers and insisted knowledge was not necessary to convict. 183 F.2d at 864. The court (Holmes, Waller and Borah) followed the decision of the Supreme Court in Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed 419 (1893), which held scienter necessary in a prosecution for obstruction of officers of the United States, brought under what was then Rev.Stat. § 5399.[2] The

1. For discussion of many of the § 111 cases, see Annot., Resisting Federal Officers-Scienter, 10 A.L.R.3d 833 (1964).

2. Insofar as material to the issues before us, § 5399 is no different from § 111. It read as follows:

"Sec. 5399. Every person who corruptly, or by threats or force, endeavors to influence, intimidate, or impede any witness, or officer in any court of the United States, in the discharge of his duty, or corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede, the due administration of justice therein, shall be punished by a fine of not more than five hundred dollars, or by imprisonment not more than three months or both."

court considered, discussed and declined to follow McNabb v. United States, 123 F.2d 848 (6th Cir.1941), rev'd on other grounds, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). The earlier decisions of this circuit which were relied on are discussed in the margin.[3]

The *Hargett* court also considered several decisions of other circuits, including the early case of United States v. Taylor, 57 F. 391 (E.D.Va.1893), a sufficiency of indictment case (unlawfully interfering with federal election officials), in which the court said:

> To assault an officer of the United States while happening to be engaged in performing some duty enjoined upon him by federal statute is only a common-law offense; and it becomes a statutory offense only when the assailant knows that the assailed is an officer of the United States, and makes the assault for the purpose of obstructing the officer in the discharge of duty imposed by laws of the United States. In such cases the scienter is an essential ingredient of the offense.

The next chapter is Carter v. United States, 231 F.2d 232 (5th Cir.), cert. denied, 351 U.S. 984, 76 S.Ct. 1052, 100 L. Ed. 1498 (1956). This is another § 111 case. In an opinion by Judge Brown (Borah, Tuttle and Brown), the message is graphic. While defendant's car rocketed through the streets at 60 m.p.h. an internal revenue agent clung precariously to the outside, one foot in a slightly opened door, holding on as best he could, insisting to the defendant driver he was a federal officer while the driver repeated, "show me your badge," until the car slowed and the agent could reach his pants pocket and take out and display his badge. The defendants contended the officer was in civilian clothes and there was no reason to know he was a government officer, and that they were entitled to try to shake off the apparent intruder. This court responded:

> None of these contentions is sound. Undercutting all of them is the jury's

---

3. Odom v. United States, 116 F.2d 996 (5th Cir.) rev'd on other grounds, 313 U.S. 544, 61 S.Ct. 957, 85 L.Ed. 1511 (1941), was a prosecution for endeavoring to intimidate and impede a witness, under § 241, now § 1503, a statute largely derived from that before the Supreme Court in *Pettibone*. The statute does not require scienter. Proof of knowledge was held necessary, on the authority of *Pettibone*. The court discussed at length the type of proof that would make out "the knowledge necessary" or "the requisite scienter."

Palmquist v. United States, 5 Cir., 149 F.2d 352, cert. denied, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 431 (1945), was a prosecution which, from the language of the opinion (149 F.2d at 353) appears to have been under one of the predecessors of 18 U.S.C.A. § 2231. The issue was "whether or not the defendant knowingly resisted Federal officers in the attempted performance of their duty," an issue of fact for the jury. Held, "[i]f the jury had believed that the defendant truly thought himself to be resisting a hold-up, there would have been an acquittal, but it found on ample evidence that defendant knew he was resisting Federal officers in the attempted performance of official duty."

Gay v. United States, 12 F.2d 433 (5th Cir.), cert. denied, 273 U.S. 705, 47 S.Ct. 98, 71 L.Ed. 849 (1926), dealt with sufficiency of the indictment under § 121, now § 2231. The indictment was held technically faulty for failing to allege that defendant knew the victim was a revenue agent, but because the uncontradicted evidence showed knowledge the verdict cured the defect.

Moore v. United States, 57 F.2d 840 (5th Cir. 1932), involved an indictment under § 121, now § 2231, for resisting with a deadly weapon a federal officer in the execution of a search warrant. Held, that the trial court had properly allowed government testimony that defendant had been present at a prior search of his home by the same officer, because the only purpose of that evidence was to prove the officer was known by defendant to be such.

Cook v. United States, 117 F.2d 374 (5th Cir. 1941), concerned an indictment, for resisting and assaulting federal officer with a deadly weapon, brought under § 254, which has been brought forward into §§ 111 and 2231. It was contended defendant did not know the victim was a federal officer. Held, the evidence of such knowledge was sufficient.

finding implicit in the verdict of guilty that *each knew that Poe was a Federal Officer engaged in his official duty. This was a fact essential to conviction, but provable as any other fact.*

231 F.2d at 235 (Emphasis added.)

Less than five months later in a per curiam opinion, Hall v. United States, 235 F.2d 248 (1956), this court (Tuttle, Cameron and Jones) reiterated the rule of proof of knowledge in § 111 cases:

The issues presented were clearly jury questions. *Before Hall could be found guilty of the offense charged the Government was required to show that he was aware that Lucas and Satterfield were federal officers.* Carter v. United States, supra.

235 F.2d at 249 (Emphasis added.)

*Bennett* came up in 1960 (Judges Tuttle, Jones and Brown). It is another § 111 case. The sole issue involving knowledge or scienter was sufficiency of the indictment. The majority in the present case recognized that the holding of *Bennett* was that the indictment need not include the element of scienter, and

they quote language relating to that issue. Examination of the briefs in *Bennett* discloses that the necessity of proof of knowledge of the victim's official character was neither specified as error nor briefed.

At 285 F.2d 571 it is pointed out that the trial judge charged the jury they must find that appellant knew his victims were federal officers. Then follows the dictum that "the trial judge went further than was necessary in requiring knowledge on the part of appellant." This, I take it, is what the majority refer to as the "principle" of *Bennett*, as opposed to what is recognized to be the holding.[4] In that particular part of the *Bennett* opinion the court was making the point that the charge plus the jury verdict strengthened the conclusion that the indictment was sufficient. This is exactly the point made earlier in this circuit in Gay v. United States, supra, that failure to allege knowledge is cured by proof of knowledge.[5] Determining after all evidence is in that an indictment though technically deficient gave the defendant fair notice of, and an

---

4. For a case recognizing that because of the charge requiring knowledge the statement indicating knowledge is unnecessary was a mere dictum, see United States v. Bell, 219 F.Supp. 260 (E.D.N.Y.1963), finding defendant not guilty for want of proof of knowledge.

5. In *Gay*, the court held:
"It is not to be denied that the indictment in this case is faulty, and that it ought to have alleged in direct, positive terms that the defendant at the time he made the assault knew that Ryals was a prohibition agent. But we are of opinion that the defect should not be considered fatal after verdict upon a motion in arrest. The indictment charges a willful assault upon and an interference with an officer of the internal revenue, while he was engaged in the performance of his official duty. That charge at least informed the defendant that he was being prosecuted for more than an assault that would ordinarily be punishable in a state court. The indictment is not void, as it does not wholly fail to charge an offense. Rosen v. United States, 161 U.S. 29,

16 S.Ct. 434, 480, 40 L.Ed. 606. The uncontradicted evidence is that, at the time the defendant made the assault, he knew he was making it upon a federal officer who was acting in the discharge of his duty. Under the circumstances of this particular case, and because of defendant's actual knowledge, the defect in the indictment became technical only, and was cured by the verdict." 12 F.2d at 434–435

Sparks v. United States, 90 F.2d 61 (6th Cir.1937), dealt with failure to allege knowledge in indictments under § 254 (carried forward into §§ 111 and 2231) and § 121 (carried forward into § 2231). The court held the defect to be technical and not to require reversal but reiterated the established rule. "On a trial for resisting an officer it must be shown that the person resisted was an officer, and that the accused was aware of that fact."

In United States v. Miller, 17 F.R.D. 486 (D.Vt.1955), the court dismissed the indictment in a § 111 case for failure to allege knowledge, so that the issue of aiding the indictment did not arise.

opportunity to defend on, the charge is not the same as eliminating the necessity of presenting evidence.

The sole authority cited in *Bennett* is *McNabb*[6], which this court had rejected in *Hargett*. No mention was made of *Hargett, Carter, Hall, Palmquist, Cook* or *Pettibone*, nor was there any necessity of doing so since the point at issue was adequacy of allegation.[7]

Other authorities relied on by the majority in this case are progeny in whole or in part of *Bennett*, of the rejected *McNabb* language, and of each other, and some without discrimination apply language concerning sufficiency of indictment to situations where the issue is necessity of proof. United States v. Wallace, 368 F.2d 537 (4th Cir.1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1169, 18 L.Ed.2d 136 (1967); United States v. Montanaro, 362 F.2d 527 (2d Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L. Ed.2d 144 (1966); United States v. Lombardozzi, 335 F.2d 414, 10 A.L.R.3d 826 (2d Cir.), cert. denied, 379 U.S. 914, 85 S.Ct. 261, 13 L.Ed.2d 185 (1964). United States v. Burgos, 328 F.2d 109 (2d Cir.1964), found it unnecessary to determine if scienter is a necessary element of the crime since there was an express finding in a nonjury trial that defendants knew the victim was a federal agent.

It misses the mark to say we would be rewriting the statute by requiring knowledge and thereby changing its intent and meaning. Requiring knowledge when the statute does not so state is exactly what this and many other courts have been, and are doing, for this and numerous other federal statutes. Further, the congressional intent is assumed, not demonstrated.

Without attempting a definitive survey it appears that the following are instances of like statutes in which knowledge is required although not referred to in the statute:

a) 18 U.S.C.A. § 1503, influencing and intimidating a witness or officer: Pettibone v. United States, supra; Broadbent v. United States, 149 F.2d 580 (10th Cir.1945); Odom v. United States, supra; Walker v. United States, 93 F.2d 792 (8th Cir.1938); Kloss v. United States, 77 F.2d 462 (8th Cir. 1935); United States v. Kee, 39 F. 603 (D.S.C.1889).

b) 18 U.S.C.A. § 201, offer to bribe a federal officer: Chiaravalloti v. United States, 60 F.2d 192 (7th Cir.1932); Hone Wu v. United States, 60 F.2d 189 (7th Cir.1932); Henderson v. United States, 24 F.2d 811 (4th Cir.), cert. denied, 278 U.S. 599, 49 S.Ct. 8, 73 L.Ed. 528 (1928); Cohen v. United States, 294 F. 488 (6th Cir.), cert. denied, 264 U.S. 584, 44 S.Ct. 333, 68 L.Ed. 861 (1923); United States v. Milburn, 288 F. 573 (S.D.Fla.1923). .

c) 18 U.S.C.A. § 2231, interference with officer executing search warrant: Palmquist v. United States, supra; Sparks v. United States, supra; Moore v. United States, supra; Gay v. United States, supra; United States v. Page, 277 F. 459 (W.D.Va.1921).

The legislative history is sketchy. Sec. 111 consolidates 18 U.S.C.A. §§ 118 and 254 of the 1940 Code. Sec. 254 was adopted to broaden to federal officers in general the scope of protections theretofore specifically granted for specified officers in several separate statutes. The history largely consists of a letter from the Attorney General recommending passage of the legislation. See dis-

---

**6.** The Supreme Court reversed *McNabb* on other grounds. It did not reach the knowledge point.

**7.** United States v. Bruce, 33 F.R.D. 133 (N.D.Miss.1963), opinion by Judge Clayton, now of this court, was a post-*Bennett*, § 111 case. There were two counts to the indictment, the first charging knowledge and the second not. The court declined to dismiss the indictment, holding as to the second count charging that defendant "did wilfully obstruct" the word "wilful" meant that the forbidden act is done deliberately and with knowledge.

cussion, and letter, in Ladner v. United States, 358 U.S. 169, 175 & n. 3, 79 S.Ct. 209, 212, 3 L.Ed.2d 199, 203 & n. 3 (1958). The Attorney General asked for "general legislation of the same character" or "similar legislation," as the particularized statutes he enumerated. His request was not for creation of a new type of federal crime but for extension of existent types of protection to all federal officers so that the federal courts would be available to them rather than limiting them to state court protection. The statutes enumerated in the request did not contain provisions requiring knowledge of the official character of the victim. Those listed included statutes which became Tit. 18, § 118 [assaults on officers of the Bureau of Animal Industries of the Department of Agriculture] and Tit. 8, § 152 [assaults on immigration officers] of the 1940 Code. These two statutes have been brought forward into the present § 111 and § 1114 combination. But those enumerated also include what became Tit. 18, § 121 of the 1940 Code [assaulting officers of the Customs and Internal Revenue Service] which was brought forward into § 2231 et seq., and what became Tit. 18, § 245 of the 1940 Code [assaults on process servers], brought forward into § 1501, under both of which the cases require knowledge.

The 1940 and 1948 codifications brought together various kindred statutes by bringing some into § 111, others via listing the officers involved in § 1114. See U.S.C.A. annotations to these two sections. A re-enactment which consists of collecting from scattered sources crimes so kindred as to belong in one category does not create a crime without intent if the crimes so collected required intent. Morissette v. U. S., 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1951).

The 1948 re-enactment consolidated §§ 118 and 254 of the 1940 Code. The interpretations previously given those sections by the federal courts are presumed to be known to the Congress and to have been adopted by it as a part of the re-enactment. E. g., Shapiro v. United States, 335 U.S. 1, 16, 68 S.Ct. 1375, 92 L.Ed. 1787, 1798 (1947), Sutherland, Statutory Construction, § 5109 (1943 ed.). Cook v. United States, supra, from this circuit is one of the pre-1948 interpretations.

To demonstrate the matter further, the 1940 section 254 was brought forward into two sections, §§ 111 and 2231, neither providing for knowledge. For the latter the cases require knowledge. For the former knowledge is now proposed to be eliminated.

The creation of federal crimes without mental elements of knowledge and intent is to be limited to crimes which directly threaten the general public with danger (such as the "narcotics laws") and not the so-called common law crimes. See discussion in United States v. Miller, supra, of Justice Jackson's opinion in Morissette, supra, and of the Balint case [United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1921)].

Hard cases will exist whatever the rule. The shot from ambush in McNabb, the western style shoot-out in Bennett, and the gang assault on the FBI agent at a funeral in Lombardozzi, are at one end of the spectrum. At the other are the defendants in Hargett, with $30,000 in their possession, who, the court found, reasonably feared that federal agents not identified as such were hold-up men, and the hypothetical defendant referred to in Miller, supra, who is not told that the man seeking to enter his home is a federal officer. The majority put no outer limits on their statement of the rule that no knowledge is required. The Second Circuit already has pointed out that Lombardozzi— which embraced the Bennett dictum—is too broad and probably will be modified or limited in arrest cases. United States v. Heliczer, 373 F.2d 241, 248 (2d Cir.1967), cert. denied, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1968). In the past the requirement of knowledge has been tempered by the cases holding that knowledge need only be proved and not specifically alleged and that the

proof can consist of such objective facts as would give knowledge. An unlimited rule of no knowledge would have to be restricted sooner or later in circumstances involving rights of citizens who are involved with persons they neither know nor have reason to know are federal officers.