UNITED STATES v. COMBS et al.

No. 9277.

District Court, E. D. Kentucky.

Oct. 7, 1947.

Claude P. Stephens, U. S. Atty., and Kit C. Elswick, Asst. U. S. Atty., both of Lexington, Ky., for plaintiff.

E. B. Rose, of Beattyville, Ky., for defendants.

FORD, District Judge.

The indictment in this case charges violation of 18 U.S.C.A. § 254 in substantially the words of the Statute. The defendants have filed a motion to dismiss the indictment on the ground that it does not state facts sufficient to constitute an offense against the United States in that it does not charge that at the time of the alleged acts the defendants knew that the persons alleged to have been resisted, intimidated and threatened were officers of the United States or that they were engaged in the performance of their official duties.

■ The statute defining the offense charged, unlike section 245, does not make such knowledge on the part of the defendants an element of the offense.

■ In United States v. Balint, 258 U.S. 250, 251, 42 S.Ct. 301, 302, 66 L.Ed. 604, it is said: "While the general rule at common law was that the scienter was a necessary element in the indictment and proof of every crime, and this was followed in regard to statutory crimes even where the statutory definition did not in terms include it (Reg. v. Sleep, 8 Cox C. C. 472), there has been a modification of this view in respect to prosecutions under statutes the purpose of which would be obstructed by such a requirement. It is a question of legislative intent to be construed by the court. It has been objected that punishment of a person for an act in violation of law when ignorant of the facts making it so, is an absence of due process of law. But that objection is considered and overruled in Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 69, 70, 30 S.Ct. 663, 666, 54 L.Ed. 930, in which it was held that in the prohibition or punishment of particular acts, the state may in the maintenance of a public policy provide 'that he who shall do them shall do them at his peril and will not be heard to plead in defense good faith or ignorance.'"

■ In United States v. Behrman, 258 U.S. 280, 288, 42 S.Ct. 303, 304, 66 L.Ed. 619, the Court said: "It is enough to sustain an indictment that the offense be described with sufficient clearness to show a violation of law, and to enable the accused to know the nature and cause of the accusation and to plead the judgment, if one be rendered, in bar of further prosecution for the same offense. If the offense be a statutory one, and intent or knowledge is not made an element of it, the indictment need not charge such knowledge or intent."

■ Section 254, without uncertainty or ambiguity, sets forth all the essential elements of the offense and since the indictment describes the offense charged substantially in the words of the statute with sufficient clarity to enable the accused to know the nature and cause of the accusation and to plead the judgment in bar of further prosecution for the same offense, the motion to dismiss should be overruled. McNabb v. United States, 6 Cir., 123 F.2d 848, 855; United States v. Greenbaum, 3 Cir., 138 F.2d 437, 152 A.L.R. 751; Garza v. United States, 5 Cir., 159 F.2d 413; United States v. Reese, D.C.Tenn., 27 F. Supp. 833; United States v. Schultze, D.C. W.D Ky., 28 F.Supp. 234.

An order will be entered overruling the defendants' motion to dismiss the indictment.