**PARSONS v. UNITED STATES.**
No. 13377.

United States Court of Appeals
Fifth Circuit.

May 7, 1951.

Frank M. Gleason, Rossville, Ga., Stafford R. Brooke, Dalton, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., Lamar N. Smith, Asst. U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Indicted in Criminal No. 18775 for, and convicted of, attempted bribery of a witness before the Grand Jury, in violation of Sec. 241, Title 18 U.S.C.A., and sentenced to serve a prison term of one year concurrently with the three year term imposed in Criminal No. 18776, defendant has appealed his conviction. Urging upon us that, because of the four errors[1] he assigns, the judgment and sentence may not stand, appellant is here seeking its reversal.

For the reasons hereinafter stated, we are of the clear opinion that none of the claims of error are well founded and that the judgment must be affirmed.

■ The attack upon the indictment for failing to specifically allege that defendant knew that the person he was charged with endeavoring to corruptly influence was, or was to be, a witness, is completely hypercritical and without substance. The indictment, in the exact language of the statute, plainly and by necessary implication, precisely charges the defendant with the crime denounced thereby.

■ The cynically technical approach which formerly enshrouded the consideration of even the plainest and simplest indictments, and, in many instances, made a mockery of simple justice, no longer governs their consideration.[2]

On the contrary, the trial court and this court are enjoined to, and do, examine into, and determine, the validity of attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding.[3]

■ Appellant's second point, that it was reversible error to deny his motion for continuance, is no better taken. Neither in diligence used to have the witness present or obtain his testimony, nor in the showing made in support of his motion of the importance of the testimony if it had been obtained, is there any basis for the claim that the refusal of the continuance was such an

---

1. (1) The denial of his motion to dismiss the indictment;
    (2) The refusal to grant him a continuance;
    (3) The admission of testimony prejudicial to him;
    (4) The denial of his motion for new trial because of jury misconduct.

2. Whitehead v. United States, 5 Cir., 245 F. 385; Sutton v. United States, 5 Cir., 157 F.2d 661.

3. 18 U.S.C.A., 556; 28 U.S.C.A., 391; Genna v. U. S., 7 Cir., 293 F. 387; Walker v. U. S., 8 Cir., 93 F.2d 792; Broadbent v. U. S., 10 Cir., 149 F.2d 580; Catrino v. U. S., 176 F.2d 884; Samples v. U. S., 5 Cir., 121 F.2d 263.

abuse of the trial judge's discretion as to abort the whole trial.[4]

■ Appellant's third ground of error, the claimed wrongful admission of testimony, is made up of two instances. One of these is the supposed error of permitting the counsel for the government to prove by the defendant, on cross examination, for impeachment purposes, over defendant's objection, that he had been convicted of receiving and concealing an automobile. The objection was that it was prejudicial to require the defendant to testify that he had been convicted in Criminal No. 18776 of the offense, the investigation of which by the grand jury was the occasion for the indictment in Criminal No. 18775, the cause presently on trial.

Self limited as the inquiry was to the purpose of impeachment by proving the commission of a felony,[5] and further limited as it was, at defendant's request, by the instruction and explanation of the court that defendant had moved for a new trial and the motion was pending, there is no basis for the claim that the simple question whether, and the equally simple answer that, he had been convicted of a felony, constituted prejudicial error for which the case must be reversed.

The second of the complaints of reversible error in the admission of testimony has to do with the following question to the witness Sloan, "What else did he say to you?", and Sloan's answer, "He said he would give me a hundred dollars if I would testify his way, providing I don't squelch." To this answer the defendant objected that, since defendant was not charged with at-tempting to bribe or intimidate this witness, this was an attempt to prove the commission of an offense other than that with which he was charged.

■■ The court, making it clear to the jury that this was not the crime with which the defendant was charged, admitted it as a similar transaction throwing light on motive, knowledge, or intent in respect of the transaction with which he was charged. In view of the nature of the defense that it was not the defendant who was trying to bribe the witness Green, but Green and Sloan who were trying to blackmail the defendant, we agree with the district judge that, for the limited purpose assigned, the testimony was admissible. But we are further of the opinion that, if, taken as an offer to bribe Sloan to testify, it was not admissible, the admission was not prejudicial because, as plainly appears from the testimony [6] immediately following of Sloan, what Sloan was really testifying to was not an attempt, by bribing him, to influence his testimony but an attempt to enlist him in defendant's efforts to influence the testimony of Green.

■ The complete unavailability to defendant of its final point, that a new trial should have been granted him because one of the jurors had by affidavit impeached his and their verdict, has already been pointed out in our opinion in Parsons v. United States, 5 Cir., 188 F.2d 878. A reference to what was said, and to the authorities cited, there will suffice here.

No reversible error appearing, the judgment is

Affirmed.

4. Samples v. U. S., 5 Cir., 121 F.2d 263; Burton v. U. S., 5 Cir., 175 F.2d 960.

5. Kemp v. Government of Canal Zone, 5 Cir., 167 F.2d 938; 70 Corpus Juris, p. 857.

6. "Yes, Mr. Parsons at that time tried to get me to get Mr. Green to change his testimony. He said Dennis Green was my best buddy so I could change his way pretty easy of testifying."
   "Q. Did he offer you anything to get you to do that? A. He said, I said he had offered me that hundred dollars.
   "Q. Offered you that hundred dollars. All right. Now, if you know, state where Mr. Parsons went after he left Abutment Hill?".