**UNITED STATES of America**

v.

**Manuel S. MILLER.**

**Cr. No. 6052.**

United States District Court
D. Vermont.

June 9, 1955.

Louis G. Whitcomb, U. S. Atty., Springfield, Vt., for the United States.

Ralph Chapman, Brattleboro, Vt., Maurice A. Broderick, James A. Manning, Manchester, N. H., for defendant.

GIBSON, District Judge.

On May 6, 1955, the Grand Jury returned a true bill against the defendant, charging him with violating Sec. 111, Title 18 U.S.C.A. The indictment consists of one count and reads as follows:

"On or about the 3rd day of May, A.D., 1955, in the State and Judicial District of Vermont, Manuel S. Mil-

ler did forcibly assault, resist, oppose, impede, intimidate and interfere with Dewey H. Perry, United States Marshal within and for the District of Vermont, while engaged in the performance of his official duties, and in the commission of such acts did use a deadly and dangerous weapon; in violation of Section 111, Title 18, United States Code."

A motion to dismiss the indictment was filed on May 20, 1955. A hearing was held in the United States District Courtroom in Brattleboro, Vermont, on May 25, 1955.

The defendant claims that the indictment should be dismissed because it fails to charge a specific intent and because it fails to allege or identify the process or duty United States Marshal Dewey H. Perry was serving or performing on the occasion of the alleged criminal offense of Manuel S. Miller. After a careful examination of the statute in question, the cases thereunder and the Federal Rules of Criminal Procedure, 18 U.S.C.A., I find that neither argument presented by the defendant has merit.

The defendant's first contention is that the indictment is fatally defective because it does not charge that Miller specifically intended to do what it is alleged he did in the indictment.

The cases cited by the defendant to support this contention were decided before the adoption of the Federal Rules of Criminal Procedure. F.R. 7(c) does not require the particularity in pleading which was necessary before the adoption of the Federal Rules.[1]

In the case of Parsons v. United States, 5 Cir., 189 F.2d 252, 253, the court held an indictment was proper against one convicted of endeavoring to corruptly influence a witness. The indictment did not allege a specific intent and did not specifically allege that the defendant knew that the person he was charged with influencing was to be a witness. The court there said:

"The cynically technical approach which formerly enshrouded the consideration of even the plainest and simplest indictments, and, in many instances, made a mockery of simple justice, no longer governs their consideration. On the contrary, the trial court and this court are enjoined to, and do, examine into, and determine, the validity of attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding." Parsons v. United States, 5 Cir., 189 F.2d 252, 253.

The fact that the indictment fails to specifically allege that the defendant specifically intended to do the acts complained of does not make the indictment fatally defective.

The defendant secondly contends that the indictment is fatally defective because it does not identify the

---

1. F.R. 7(c): "Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

process the United States Marshal was serving or to allege the duties the Marshal was performing. The motion cannot be granted upon this ground. An indictment is not required to negative matters of defense, nor must it state every detail of the offense charged. Fippin v. United States, 9 Cir., 162 F.2d 128; Anderson v. United States, 6 Cir., 215 F.2d 84; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861. Neither is it necessary for the indictment to allege evidentiary matters. Wilson v. United States, 5 Cir., 158 F.2d 659; Himmelfarb v. United States, 9 Cir., 175 F.2d 924; United States v. Straitiff, D.C., 14 F.R.D. 337.

The identity of the process being served by the United States Marshal and the duties the United States Marshal was performing might be proper subjects for a Bill of Particulars but are not valid reasons for dismissing the indictment.

On the basis of defendant's arguments, the motion to dismiss the indictment should be denied, because it is not necessary that the indictment charged that he specifically intended to do the act complained of, or that it showed what type of process the Marshal was serving.

■ However, the defendant should not be subjected to prosecution under a fatally defective indictment merely because he failed to make the right objection at the right time.

Under the power vested in me by F.R. 12(b) (2), I have thoroughly examined the indictment and the law applicable thereto on my own motion so that no injustice will be done.[2]

■ An indictment, so long as it adequately apprises the defendant of the charge against him and is specific enough to prevent double jeopardy, will not be dismissed unless it fails to contain the essential elements of the offense charged.

In the case of United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92, the defendant was convicted of perjury as a result of testimony given before a Congressional Committee. The defendant appealed his conviction, claiming that the indictment was fatally defective because it did not contain the name of the person who administered the oath before the defendant testified. The court held that this was not an essential element of the offense charged. The court did say, however, that the essential elements of the offense must be contained in the indictment.

"'The true test of the sufficiency of an indictment is not whether it could have been more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran & Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704.'" United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 114.

In United States v. Williams, 5 Cir., 203 F.2d 572, 573, the Court held:

"The indictment must contain a definite statement of the essential facts constituting the offense charged. An indictment in the language of the statute is ordinarily sufficient, the only exception being where the statute includes by implication an essential element of the offense. * * * A bill of particulars may make specific a statement that is too general, but it can not supply the

---

**2.** F.R. 12(b) (2) reads in part: "* * * Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

omission from an indictment of a fact that constitutes an essential element of the crime intended to be charged." United States v. Williams, 5 Cir., 203 F.2d 572, 573, 574.

In United States v. Debrow, 5 Cir., 203 F.2d 699, 701 the Court held that the essential elements of the offense must be charged.

"Rule 7(c), 18 U.S.C., relating to indictments generally, provides that 'the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.' This Rule like its forerunner, R.S. § 5396, is designed to simplify indictments by eliminating unnecessary phraseology which needlessly burdened many indictments under the former practice. It does not and it was never intended that this rule should alter or modify the fundamental functions and requirements of indictments. Every ingredient or essential element of the offense sought to be charged must still be alleged in the indictment." United States v. Debrow, 5 Cir., 203 F.2d 699, 701, 702.

In light of these recent decisions, the sole question here is whether or not the indictment includes all of the essential elements necessary to constitute a violation of Sec. 111 of Title 18 U.S.C.A. If all those facts are stated, the indictment stands. If, however, an essential element is omitted, the indictment must be dismissed.

The essential elements of Sec. 111 of Title 18 U.S.C.A. include: (1) forcible assault by the defendant; (2) on the United States Marshal; (3) while the Marshal is engaged in the performance of his official duties. All of these facts are alleged in the indictment. But there is one essential element that is missing. It is necessary that such an indictment allege that the defendant knew that the United States Marshal was, in fact, a United States Marshal. It should also allege that the defendant knew that the United States Marshal was engaged in the performance of his duties.

In Sparks v. United States, 6 Cir., 90 F.2d 61, a defendant was indicted for violating Sec. 111 of Title 18 U.S.C.A. The court denied the defendant's contention that the indictment was fatally defective.

"The counts charge appellant with the intent to obstruct Feild in the discharge of his official duty, and thus fairly charge appellant's knowledge of Feild's official status. The defect was one of form only." Sparks v. United States, 6 Cir., 90 F.2d 61, 63.

In the Sparks case, the indictment did charge that the defendant knew that the party attacked was a United States Marshal. In the case at bar, no such knowledge is charged in the indictment.

United States v. Combs, D.C., 73 F. Supp. 813, unlike the Sparks case, holds that an indictment under Sec. 111 of Title 18 U.S.C.A. is valid even though it did not charge that the defendant knew that persons resisted were federal officials in the performance of their duties.

"The statute defining the offense charged, unlike Section 245, does not make such knowledge on the part of the defendants an element of the offense." United States v. Combs, D.C., 73 F.Supp. 813, 814.

The Sparks case relied on the case of Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419, which involved an alleged violation of a statute very similar to Sec. 111 of Title 18 U.S.C.A. The Court held:

"It seems clear that an indictment against a person for corruptly or by threats or force endeavoring to influence, intimidate, or impede a witness or officer in a court of the United States in the discharge of his

duty, *must charge knowledge or notice, or set out facts that show knowledge or notice, on the part of the accused that the witness or officer was such;* and the reason is no less strong for holding that a person is not sufficiently charged with obstructing or impeding the due administration of justice in a court unless it appears that he knew or had notice that justice was being administered in such court." Pettibone v. United States, 148 U.S. 197, 206, 13 S.Ct. 542, 546. (Emphasis added.)

The Combs case cites the case of United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604, as authority for holding that knowledge on the part of the defendant that the man attacked was a Marshal and in the performance of his duties is not an essential element of the indictment. The Balint case involved a violation of the Narcotic Law. The Narcotic Law is so different from the law dealing with persons who impede federal officials in the performance of their duties that this case should not weigh too heavily in considering the essential elements necessary to be alleged in an indictment brought under Sec. 111 of Title 18 U.S.C.A. The Court in the Balint case, in talking about the Narcotic Statute, said:

"Its manifest purpose *is to re-*quire every person dealing in drugs to ascertain at his peril whether that which he sells comes within the inhibition of the statute, and if he sells the inhibited drug in ignorance of its character, to penalize him. Congress weighed the possible injustice of subjecting an innocent seller to a penalty against the evil of exposing innocent purchasers to danger from the drug, and concluded that the latter was the result preferably to be avoided. Doubtless con-siderations as to the opportunity of the seller to find out the fact and the difficulty of proof of knowledge contributed to this conclusion." United States v. Balint, 258 U.S. 250, 254, 42 S.Ct. 301, 303.

Justice Jackson in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, expressly limited the Balint case to the facts contained therein. He drew a distinction between the so-called common law crimes and those crimes of more recent vintage which directly threaten the general public with danger. The Balint case, dealing with the sale of narcotics, is of the latter type. In discussing this problem, Justice Jackson said:

"It was not until recently that the Court took occasion more explicitly to relate abandonment of the ingredient of intent, not merely with considerations of expediency in obtaining convictions, nor with the *malum prohibition* classification of the crime, but with the peculiar nature and quality of the offense. We referred to ' * * * a now familiar type of legislation whereby penalties serve as effective means of regulation,' and continued, 'such legislation dispenses with the conventional requirement for criminal conduct awareness of some wrongdoing.' " Morissette v. United States, 342 U.S. 246, 259, 260, 72 S.Ct. 240, 248.

The Court said that no line could be drawn between cases requiring a mental element and those which do not because the law is not static. However, the Balint case should not be extended to common law crimes without an explicit indication of such extension from Congress. The crime of obstructing justice is of common law origin.[3]

There is no indication that the members of Congress felt that it would be un-

---

3. " * * * the obstruction of the administration of justice is declared to be an indictable offense under the common law * * * " 39 Am.Jur. 502, Obstructing Justice, Sec. 1.

reasonably difficult for the government to obtain proof of defendant's knowledge that the person attacked was a Marshal in the performance of his duties when they passed Sec. 111 of Title 18 U.S.C.A. I am convinced that the Pettibone case is based upon sounder reasoning as it applies to this case. And thus I hold that it is essential to charge that the defendant knew that the United States Marshal was such and that he was acting within the course of his duties.

The Government contends that Parsons v. United States, 5 Cir., 189 F.2d 252, compels us to hold that knowledge by the defendant that the United States Marshal was such is not a necessary ingredient of the indictment. In the Parsons case, the defendant was convicted of corruptly influencing a witness. In such a charge it is essential that the person influenced is a witness and there would be no necessity for asserting influence had the person not been a witness. The fact that the person influenced was a witness and that the defendant knew that he was a witness is tied up and is an integral part of the whole indictment. In the case at bar, however, any private citizen might attempt to come into the defendant's home. Only when such person is a United States Marshal and is in the performance of his duties, and these facts are known to the defendant, would he be guilty of a violation of Sec. 111 of Title 18 U.S.C.A.

Indeed, a violation of Sec. 111 of Title 18 U.S.C.A. would occur only when the defendant knew these facts. A man's home is still his castle and he has a right to protect that home against other citizens. He violates this law only when he attacks a United States Marshal, knowing him to be such, and knowing him to be engaged in the performance of his duties. One of the purposes of the Government in issuing badges to the Marshals and of the courts in issuing orders to the Marshals in written form is so that they may inform fellow citizens of their official positions and their duties before they act.

A person would not violate Sec. 111 of Title 18 U.S.C.A. if he prevented an unidentified Marshal, who was unknown by him to be such, from coming into his home. Likewise, a person would not violate Sec. 111 of Title 18 U.S.C.A. if he did not know that such Marshal was in the performance of his official duties.

I therefore hold that the indictment against defendant Miller is fatally defective, because it does not allege the following essential facts: (1) that defendant Miller knew that Dewey H. Perry was a United States Marshal, and (2) that defendant Miller knew that said Marshal was in the performance of his official duties. The indictment must be dismissed.