**Harry PORTNOY, Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6067.**

United States Court of Appeals
First Circuit.

May 1, 1963.

Manuel Katz, Boston, Mass., with whom Paul T. Smith and Raymond J. Dowd, Boston, Mass., were on brief, for appellant.

William F. Looney, Jr., Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., and Paul J. Redmond, Asst. U. S. Atty., were on brief, for appellee.

Before HARTIGAN and ALDRICH, Circuit Judges, and GIGNOUX, District Judge.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts following defendant's conviction by a jury on a one count indictment charging him with a violation of Title 18 U.S.C. § 111.

On May 11, 1962 a grand jury returned an indictment alleging that defendant "on or about May 9, 1962 at a parking lot located on St. Botolph Street in Boston, Massachusetts, did forcibly assault, resist, oppose, impede, intimidate and interfere with United States Deputy Marshal William H. Baldwin, a person designated in Section 1114 of Title 18 of the United States Code while said William H. Baldwin was engaged in the performance of his official duties and on account of the performance of his official duties, all in violation of Title 18, United States Code, Section 111."

Defendant pleaded not guilty and seasonably moved to dismiss the indictment because of a failure to allege that defendant was aware, at the time of the alleged offense, that Baldwin (1) "was

an officer of the United States" and (2) "was engaged in the performance of his official duties." This motion was denied.

The case proceeded to trial and following the close of the prosecution's opening statement—wherein the prosecutor alluded to no prospective proof that the defendant knew the official status of Baldwin—defendant moved for a judgment of acquittal. The trial judge denied this motion also.

At the trial the Government offered testimony that the defendant had virtually run over—with his automobile—a Deputy United States Marshal who had tried to serve him with a subpoena. There was evidence from which a jury could properly have concluded that the defendant had been made aware of the official status of the Deputy Marshal and that he had deliberately plunged his car forward—heedless of the possibility of bodily harm to the Marshal—in order to avert being served.

In this court, defendant raises three contentions. Initially he argues that the indictment was fatally defective because of the failure to allege that defendant knew that Baldwin was a government officer engaged in the performance of his official duties. Second, it is argued that the trial judge erred in denying defendant's motion for judgment of acquittal following the Government's opening statement because of the prosecutor's failure to state that the Government would prove that Baldwin was a Government officer engaged in the performance of his official duties. Finally, defendant urges that the evidence is insufficient to sustain a conviction.

In our view there is no question that there was abundant evidence from which the jury properly could have found the defendant guilty as charged and, consequently, we pass quickly over the defendant's argument as to the sufficiency of the evidence.

The major issue posed by defendant is where an indictment alleging an assault on a federal officer under 18 U.S.C. § 111, is deficient if it does not allege that the

defendant was aware that his victim was a federal officer. The Government argues that scienter on the part of the defendant, as to the official character of the victim, is not an essential element of this type of offense. It argues that the gist of the offense resides in the fact that the defendant has engaged in a certain course of illegal conduct—*malum in se*—and the additional fact that the victim happens to be a federal officer is relevant only for jurisdictional purposes. In support of this argument, the Government relies largely on the recent decision of the United States Court of Appeals for the Fifth Circuit in Bennett v. United States, 285 F.2d 567, 570 (1960), which squarely sustains the position for which the Government here contends.

The defendant, on the other hand, while recognizing the fact that Bennett is highly apposite, attempts to discredit the result on the basis that the holding is out of consonance with a significant line of cases starting with Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893), holding that knowledge of the official character of the officer is an essential element of the offense charged, and an indictment which failed to allege this element is fatally defective. See, e. g., Sparks v. United States, 90 F.2d 61 (6th Cir., 1937); United States v. Miller, 17 F.R.D. 486 (D.C.Vt.1955). Defendant further contends that the authority of Bennett is weakened by the fact that there the court failed even to mention its two prior rulings holding that scienter was an essential element of this type of offense. See, Hall v. United States, 235 F.2d 248 (5th Cir., 1956); Hargett v. United States, 183 F.2d 859 (5th Cir., 1950).

While it may be possible to reconcile these authorities, in our view, it is not essential for us to do so in the instant case. Rather, here we need not reach the question of whether an indictment which failed to allege scienter would be defective because in our view the present indictment did in fact fairly charge the defendant with knowledge of the marshal's official status.

It is a cardinal principle of our criminal law that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense. United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1895); United States v. Crummer, 151 F.2d 958 (10th Cir., 1945); United States v. Pope, 189 F.Supp. 12 (S.D.N.Y.1960).

An examination of Section 111 shows that it defines the instant offense as assault upon a federal officer "while engaged in *or on account of the performance of his official duties.*" (Emphasis supplied). Following the words of the statute, the indictment in this case charged that the defendant assaulted the marshal "while (he) was engaged in the performance of his official duties *and* on account of the performance of his official duties * * *." We believe that an allegation averring that a defendant embarked upon a given course of conduct "on account of" —or for the reason that—his victim was performing official duties must necessarily imply the defendant's knowledge or awareness of the cloak of officiality with which his victim was garbed at the critical moment. In other words, it is difficult for us to perceive how an assault could be made "on account of" the performance of the victim's official duties, without knowledge that the victim either was performing, or had performed official duties which were indeed the impelling motive for the assault. See, Sparks v. United States, supra; see also, Parsons v. United States, 189 F.2d 252, 253 (5th Cir., 1951).

In sum, we believe that the instant indictment fairly apprised the defendant of all the elements of the offense with which he was charged and against which he had to defend. In this day, more than this an accused may not ask. As was stated in Parsons v. United States, supra: "The cynically technical approach which formerly enshrouded the consideration of even the plainest and simplest indictments,

and, in many instances, made a mockery of simple justice, no longer governs their consideration." Id. at 253.

There remains the question of whether the trial judge erred in denying appellant's motion for judgment of acquittal following the Government's opening statement because of the prosecutor's asserted failure to state that the defendant knew that his victim was a federal officer.

We have carefully considered defendant's contention but believe that where the indictment alleges the elements of the offense and the evidence adduced at the trial touches these elements, the defendant cannot claim prejudicial error for failure of the trial judge to acquit on the basis of a prosecutor's opening statement.

Judgment will be entered affirming the judgment of the district court.