**UNITED STATES of America,**
**Appellee,**

**v.**

**Mark Harding CHUNN, Appellant.**
**No. 9483.**

United States Court of Appeals
Fourth Circuit.

Argued Sept. 25, 1964.

Decided June 2, 1965.

Ann Llewellyn McKenzie, Concord, N. C. (Clement Manly Llewellyn, and Llewellyn, McKenzie & Llewellyn, Concord, N. C., on brief) for appellant.

William H. Murdock, U. S. Atty. (Roy G. Hall, Jr., Asst. U. S. Atty., on brief) for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and SIMONS, District Judge.

SIMONS, District Judge:

Appellants, Lee Vainderbilt [Bill] Pruitt and Mark Harding Chunn, together with co-defendants Baxter Cleve Pruitt and Glinn Edward Payne, were indicted,[1] in the Salisbury Division of the Middle District of North Carolina, for assault with a deadly weapon upon one Charles Boler, Jr., an undercover agent, while assisting officers of the Alcohol and Tobacco Tax Unit of the Internal Revenue Service in the performance of their official duties, in violation of 18 U.S.C. § 111.[2]

Upon arraignment in the District Court on April 20, 1964,[3] Appellants Lee

---

1. Indictment returned in District Court Docket Number CR–125–S–64, and filed April 16, 1964, reads: "The Grand Jury Charges on or about February 27, 1964, in the County of Davie, in the Middle District of North Carolina, Lee Vainderbilt Pruitt, Baxter Pruitt, Mark Harding Chunn and Glinn Edward Payne did, in violation of 18 U.S.C. 111, assault, resist, oppose, impede and interfere with Charles Boler, Jr., a person assisting Robert G. Martin and Charles H. Smith, Agents and employees of the Alcohol and Tobacco Tax, Internal Revenue Service, United States Treasury Department, in the execution of their official duties, by pointing and firing a deadly weapon, that is, a small caliber rifle, and beating, striking, whipping and stomping the said Charles Boler, Jr.. while he was engaged in and on account of the performance of his official duties."

2. § 111. "Assaulting, resisting, or impeding certain officers or employees.
"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.
"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

18 U.S.C. § 1114, as amended: "Protection of officers and employees of the United States.
"Whoever kills any judge of the United States, * * * any officer, employee or agent of the customs or of the internal revenue or any person assisting him in the execution of his duties, * * * while engaged in the performance of his official duties, or on account of the performance of his official duties, shall be punished as provided under sections 1111 and 1112 of this title."

3. Appellant Lee Vainderbilt Pruitt was also arraigned on this date on two other indictments charging substantive Internal Revenue violations, as follows: [1] removal, concealment, possession, transportation, and sale on October 21, 1963 of one gallon of non-tax paid liquor [counts one and two]; and removal, concealment, and possession January 30, 1964, of one hundred and two gallons of non-tax paid liquor [counts three and four]. At time of arraignment Pruitt pleaded guilty to counts one, three and four of this indictment and count two was dismissed. Sentence was delayed on these counts until after trial on assault charge was completed, and court then sentenced defendant to prison for five years on count one, and for an additional five years on counts three and four, to run consecutively. Upon appeal from these sentences [Docket No. 9477], this court affirmed in opinion dated February 3, 1965. See United States v. Pruitt, 341 F.2d 700 [1965];

Pruitt, Mark Harding Chunn, and the other co-defendant Glinn Edward Payne entered pleas of not guilty; the trial of defendant Baxter Cleve Pruitt was continued beyond the term, he being confined at that time in a state mental institution at Goldsboro, North Carolina. After motions to quash assault indictment and to dismiss were denied, Pruitt, Chunn and Payne waived right to trial by jury, and were tried and convicted by Judge Stanley without a jury on said charge.

Timely motions for directed verdicts of acquittal were made and denied, and defendants sentenced as follows: [1] Appellant Pruitt was sentenced to ten years' imprisonment on assault charge, to run concurrently with his sentences for violation of the Internal Revenue Laws;[4] [2] Appellant Chunn was sentenced to imprisonment for three years on assault charge; and [3] defendant Payne had imposition of sentence suspended, and he was placed on probation for a period of five years.

After motions in arrest of judgment on behalf of Pruitt and Chunn were denied, they prosecuted this appeal on the assault charge conviction. No appeal was taken on behalf of Payne.

Questions raised by the appeal are: [1] Was indictment so fatally defective that it should have been dismissed or quashed by district court?; and [2] Is there sufficient evidence to sustain convictions of appellants?

We hold that the appeal must be dismissed and convictions affirmed.

In proclaiming that the indictment was fatally defective,[5] appellants contend that: [a] it does not allege facts necessary to constitute the offense, inasmuch as the essence of the crime is the interference with, or assault upon, a federal officer engaged in his official duties, or any person assisting him in the execution of same; and that the indictment here alleges that Boler was engaged in his own official duties, and that as a civilian he had no official duties; [b] indictment should have alleged knowledge or *scienter* on part of appellants that at time of assault Boler was engaged in assisting federal officers in the performance of their official duties; and [c] the use of the deadly weapon was improperly alleged, in that the allegations of the indictment failed to show sufficiently in what manner it was used in connection with the assault.

We are unable to see merit in any of these contentions.

■ Subject indictment was substantially in the words of the statute,[6] and this court has repeatedly held that an indictment is adequate, if it substantially follows the language of the statute, or words of similar import; United States v. Martell, 335 F.2d 764 [4th Cir. 1964]; Finn v. United States, 256 F.2d 304 [4th Cir. 1958]; Wheatley v. United States, 159 F.2d 599 [4th Cir. 1946].

■ In the early years of our criminal jurisprudence, courts generally required strict compliance with the rules of pleading, frequently holding indictments fatally defective for very minor defects, technicalities or omissions. The modern trend has been toward a more liberal, reasonable and realistic view, as is embodied in Rule 7 of Federal Rules of Criminal Procedure, 18 U.S.C., which requires that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essen-

---

and [2] removal [count one], possession and sale [count two] on February 27, 1964 of one gallon of non-tax paid liquor; [Baxter Cleve Pruitt was a co-defendant in this indictment]. Appellant Pruitt was tried on these charges at the same time he was tried on the assault charge, and was found guilty on count one, and not guilty on count two. He was sentenced

to five years' imprisonment on count one to run concurrently with sentence imposed in count one of other indictment above.

4. Note 3, supra.

5. Note 1, supra.

6. Note 2, supra.

tial facts constituting the offense charged."

■ The Supreme Court has consistently enunciated the modern day requirements of adequacy and sufficiency of indictments and informations. In United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 [1922], the Court said:

"It is enough to sustain an indictment that the offense be described with sufficient clearness to show a violation of law, and to enable the accused to know the nature and cause of the accusation and to plead the judgment, if one be rendered, in bar of further prosecution for the same offense. If the offense be a statutory one, and intent or knowledge is not made an element of it, the indictment need not charge such knowledge or intent." [7]

Mr. Justice Sutherland, in Hagner v. United States, 285 U.S. 427, at page 431, 52 S.Ct. 417, at page 419, 76 L.Ed. 861 [1932] asserted:

"The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" [Citations omitted].

This court is in full accord with the modern practice of liberal interpretation and construction of criminal pleadings, so long as the indictment states all of the necessary elements constituting the offense in the statute, adequately apprises defendant of charge against him so he may prepare his defense, and is specific and definite enough to protect him against double jeopardy. Finn v. United States, supra.

■ In considering the indictment here in the light of the foregoing principles, we are firmly convinced that appellants' contention that the indictment fails to state a criminal offense under the applicable statute cannot be sustained. All essential elements of the offense condemned by the statute are embraced in the indictment. It plainly, concisely and definitely alleges that, on or about February 27, 1964, the four named defendants violated 18 U.S.C. § 111 by assaulting, resisting, opposing, impeding and interfering with Charles Boler, Jr., a person assisting Robert G. Martin and Charles H. Smith, agents and employees of the Alcohol and Tobacco Tax, Internal Revenue Service, United States Treasury Department, in the execution of their official duties, by using a deadly weapon [small caliber rifle], and by beating, striking, whipping and stomping the said Charles Boler, Jr. The record completely supports the District Judge's finding that Boler, at the time of the assault was a person assisting [8] agents of the internal revenue service and entitled to the protection afforded by 18 U.S.C. § 1114.

Appellants further contend that the phrase in the last sentence of the indictment, which describes Boler as having been engaged in the performance of "his official duties" alleges that Boler was engaged in his own official duties, rather than that he was assisting a federal of-

7. See United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 [1953]; Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 [1962].

8. "Assist" is defined in Second Edition of Webster's New International Dictionary as "to lend aid; help; succor; to give support to in some undertaking or effort." Also listed as synonyms are: "Aid, second, back, support, relieve, succor."

ficer in his [the federal officer's] duties, that in fact Boler was not a federal employee and thus had no official duties.

■ ■ We do not consider the inclusion of this assertion in the indictment to be of any great import. Regardless of whether Boler, as an employee of the State of North Carolina who was on loan at the time of the assault to the Alcohol and Tobacco Tax Unit of the Internal Revenue Service by agreement of the two agencies, had any official duties is immaterial,[9] since he was in fact assisting federal agents on said occasion in the performance of their official duties. Thus, the indictment is sufficient without this phrase, and we consider such statement to be surplusage which may be ignored as a useless, innocuous averment. See Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 [1927]; Bary v. United States, 292 F.2d 53 [10th Cir. 1961]; United States v. Vazquez, 319 F.2d 381 [3rd Cir. 1963]. Moreover, it is obvious that the District Judge disregarded this phrase in his consideration and determination of the case.[10] Neither is there any assertion or showing that

appellants were misled or otherwise prejudiced by such surplus allegation; nor was there a motion to strike such portion from the indictment.

Neither can we agree with appellants' contention that the indictment for violation of 18 U.S.C. § 111 was fatally defective because it failed to allege knowledge or *scienter* on part of defendants that the person assaulted, at the time of the commission of the alleged crime, was either an agent or officer of the United States "while engaged in or on account of the performance of his official duties",[11] or a person assisting such agent or officer in the execution of his duties.[12]

■ Concededly, there is a wide variance and lack of unanimity among the decisions as to whether *scienter* should be alleged and/or proved.[13] However, as we read subject indictment in its entirety, appellants are fairly charged therein with assaulting Boler while he was assisting federal officers in the performance of their official duties and on that account alone. Nothing appears in

---

9. See Martarano v. United States, 231 F. Supp. 805 [D.C.Nev.1964] which held that "a state employee, paid by state funds, is held to be an employee of the government because he was officially loaned to a federal agency and was working under the direct supervision and control of the federal agency."

10. Page 174 of Transcript, the court said "The court finds that at the time of the commission of the offense alleged in the indictment that Charles Boler, Jr., was assisting the agent of the Internal Revenue Service in the execution of his duties."

11. 18 U.S.C. § 111, note 2, supra.

12. 18 U.S.C. § 1114, note 2, supra.

13. See Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 [1893]; Portnoy v. United States, 316 F.2d 486 [1st Cir. 1963]; Hall v. United States, 235 F.2d 248 [5th Cir. 1956]; Carter v. United States, 231 F.2d 232 [5th Cir. 1956]; Hargett v. United States, 183 F. 2d 859 [5th Cir. 1950]; Walker v. United States, 93 F.2d 792 [8th Cir. 1938];

Sparks v. United States, 90 F.2d 61 [6th Cir. 1937]; Chiaravalloti v. United States, 60 F.2d 192 [7th Cir. 1932]; United States v. Bell, 219 F.Supp. 260 [E.D.N.Y.1963]; United States v. Taylor, 57 F. 391 [C.C.E.D.Va.1893]; United States v. Miller, 17 F.R.D. 486 [D.C. Vt.1955]. These cases support the view that *scienter* should be alleged and/or proved on trial in order to support conviction; whereas following cases support a different view; United States v. Burgos, et al., 328 F.2d 109 [2nd Cir. 1964]; Bennett v. United States, 285 F.2d 567 [5th Cir. 1960] certiorari denied 366 U.S. 911, 181 S.Ct. 1087, 6 L.Ed.2d 236 [1961] which is later and differs from 5th Circuit opinions of Hall and Carter hereinabove referred to; McNabb v. United States, 123 F.2d 848 [6th Cir. 1941] certiorari granted 316 U.S. 658, 62 S.Ct. 1305, 86 L.Ed. 1736, reversed on other grounds 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; United States v. Combs, 73 F.Supp. 813 [D.C.Ky.1947]; United States v. Lombardozzi, et al., 335 F.2d 414 [2nd Cir. 1964].

the indictment that could reasonably be interpreted as charging that appellants assaulted Boler for any other reason. It would logically follow that since appellants are charged with assaulting Boler *on account of his assisting* federal agents in the discharge of their official duties, they are necessarily charged with having knowledge that Boler was so engaged at the time of the assault. Therefore, we consider that the indictment taken as a whole does charge appellants with knowledge at the time of the assault that Boler was assisting federal officers in performance of their official duties. Furthermore, a careful review of the record reveals ample testimony to support district court's finding [page 174 of Transcript] that appellants actually "had knowledge of that fact [that Boler was assisting the agent of the Internal Revenue Service in the execution of his duties] at the time the assault was committed."

Under our view, indictment in instant case was quite adequate, and district judge was correct in his refusal to dismiss or quash the same.

■ As to appellants' contention that the evidence was insufficient to sustain their convictions, we need only say that there is ample testimony to support fully the findings and conclusions of the district court.

The record is replete with abundant evidence establishing that appellants administered a most outrageous, brutal, depraved and inhuman assault upon Boler, who undoubtedly was known by them at the time to be an undercover agent, assisting federal internal revenue agents in the execution of their official duties. No reasonable inference could logically be deduced from the evidence, other than that appellants knew Boler was assisting federal agents in an undercover capacity, and the record is completely bare as to any other motive for the vicious assault.

We concur fully with the findings and conclusions of the district judge.

Appeal dismissed.