# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Ellis B.,**
**Petitioner Below, Petitioner**

**FILED**

October 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0088** (Raleigh County 13-C-13)

**Patrick Mirandy, Warden, St. Mary's Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ellis B.,[1] appearing *pro se*, appeals the order of the Circuit Court of Raleigh County, entered January 15, 2013, that summarily dismissed his petition for writ of habeas corpus. Respondent Warden, by counsel Laura Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 10, 2006, a Raleigh County grand jury indicted petitioner on four counts: (1) sexual abuse by a parent, guardian, or custodian; (2) first degree sexual assault; (3) sexual abuse by a parent, guardian, or custodian; and (4) first degree sexual assault. The indictment consisted of one page that listed and described the counts in order and concluded, after the fourth count, by stating that the charges were "*all* . . . against the peace and dignity of the State[.]" (Emphasis added).

Subsequently, pursuant to a plea agreement, petitioner was convicted of two counts attempted first degree sexual assault and two counts of first degree sexual abuse. The circuit court sentenced petitioner to one to three years in prison on each conviction for attempted first degree sexual assault and to one to five years in prison on each conviction for first degree sexual abuse, all sentences to run consecutively for an aggregate term of four to sixteen years in the penitentiary.

On January 9, 2013, petitioner filed a petition for writ of habeas corpus that alleged that

---

[1] Because of sensitive facts, we protect the identities of those involved. *See State ex rel. West Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

Counts One and Three of the indictment were fatally flawed because each failed to contain the words "against the peace and dignity of the State" as required by the West Virginia Constitution.[2] This was the first time petitioner challenged the validity of the indictment. On January 15, 2013, the circuit court issued a ruling that the petition was frivolous and without merit. The circuit court ruled that "[a]lthough Petitioner argues that the language 'against the peace and dignity of the State' was not included in the Indictment in question, a careful review of the Indictment indicates that the language was, in fact, included at the bottom of the document." Accordingly, the circuit court summarily dismissed the petition. A copy of the indictment was attached to the order. Petitioner now appeals the circuit court's January 13, 2013 order.

We review an court's order that summarily dismisses a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).[3] In addition, "the sufficiency of an indictment is reviewed *de novo*." Syl. Pt. 2, in part, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996).

On appeal, petitioner relies on case law from the first half of the last century in arguing that to be valid, each count of the indictment must have the words "against the peace and dignity of the State." Respondent counters that the modern rule is that "[i]ndictments are now considered 'from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality[,] or hair splitting fault finding.'" *State v. Wallace*, 205 W.Va. 155, 159-60, 517 S.E.2d 20, 24-25 (1999) (quoting *Parsons v. United States,* 189 F.2d 252, 253 (5th Cir. 1951) (footnote omitted by the Court)).

In Syllabus Point One of *Miller*, this Court held as follows:

[2] *See* W.Va. Const., art 2, § 8 ("Indictments shall conclude, 'Against the peace and dignity of the State.'"); *see also* Rule 7(c)(1), W.Va.R.Crim.P.

[3] *See also* Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.").

Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without [an] objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.

Upon an independent review of the indictment, this Court finds that the circuit court correctly rejected petitioner's challenge to the validity of Counts One and Three. Therefore, the Court concludes that the circuit court did not abuse its discretion in summarily dismissing the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3