UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4314

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID CARR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:19-cr-00011-FL-1)

Submitted: June 4, 2021                                        Decided: July 19, 2021

Before WILKINSON, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted David Carr of three offenses, including using a deadly or dangerous weapon to forcibly assault a person assisting an officer or employee of the United States in the performance of official duties, and aiding and abetting, in violation of 18 U.S.C. §§ 111(a)(1), (b), 2 (Count 1). The district court sentenced Carr to a total of 132 months' imprisonment. On appeal, Carr contends that the district court erred by denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal on Count 1. Carr maintains that the victim of his assault—a confidential informant for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)—is not a protected person for purposes of 18 U.S.C. § 111(a)(1). We reject Carr's contention and affirm.

We review de novo a district court's denial of a Rule 29 motion for a judgment of acquittal. *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019). We likewise review de novo "matters of statutory interpretation." *United States v. Ocasio*, 750 F.3d 399, 412 (4th Cir. 2014).

To understand Carr's sole appellate contention, some background on 18 U.S.C. § 111 is necessary. Section 111(a)(1) prohibits "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing], or interfer[ing] with any person designated in [18 U.S.C. § 1114] while engaged in or on account of the performance of official duties."[1] 18 U.S.C. § 111(a)(1). In turn, § 1114 prohibits killing or attempting to kill a person who

---

[1] If a person "uses a deadly or dangerous weapon" or "inflicts bodily injury" while performing any of the prohibited acts specified in § 111(a)(1), then the statutory penalty is enhanced. 18 U.S.C. § 111(b).

"assists" a federal officer or employee "engaged in . . . the performance of official duties." 18 U.S.C. § 1114.

In synthesizing § 111 and the prior version of § 1114, we held that the statutes protect persons "assisting federal agents . . . in the performance of their official duties."[2] *United States v. Chunn*, 347 F.2d 717, 721 (4th Cir. 1965). In *Chunn*, we sustained the defendants' convictions under § 111 for assaulting a state employee who was assisting internal revenue agents in the execution of their official duties. *Id.* at 721-22. In so doing, we rejected the defendants' contention that their convictions should be vacated because the state employee may have had no "official duties." *Id.* at 721. Rather, we emphasized that the state employee was assisting federal agents in the performance of their "official duties," and concluded that such assistance was sufficient to protect the employee under § 111. *Id.*

We reaffirmed *Chunn* nearly 27 years ago in *United States v. Murphy*, 35 F.3d 143, 146 (4th Cir. 1994). In *Murphy*, the defendant was convicted under § 111(a)(1), (b) for assaulting a state employee while the employee was working at a local jail with which the United States Marshals Service had contracted for the detention of federal prisoners. *Id.* at 144, 148. As relevant here, the defendant argued on appeal that his conviction must be vacated because state employees "do[] not fall within the protective ambit of" § 111(a)(1).

---

[2] The prior version of § 1114 specified groups of protected federal employees and also included "person[s] employed to assist [a] marshal or deputy marshal" and persons assisting a customs or internal revenue employee or agent "in the execution of his duties." 18 U.S.C. § 1114 (1995). Congress amended § 1114 to its current version in 1996. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, § 727(a), 110 Stat. 1214, 1302.

*Id.* at 145. We declined to adopt the defendant's position and, relying on *Chunn*, instead concluded that § 111(a)(1) protects persons who assist federal agents in the performance of their official duties, which included the state employee in *Murphy*. *Id.* at 147.

In these proceedings, Carr asserts that he was entitled to a judgment of acquittal on Count 1 because the victim of his assault was a confidential informant, and § 111(a)(1) does not protect confidential informants. However, Carr neither offers any support for this assertion nor identifies a persuasive reason for us to accept it. In contrast, we are satisfied that both *Chunn* and *Murphy* compel the opposite conclusion. That is, we are satisfied that § 111(a)(1) protects confidential informants who assist federal officers or employees in the performance of their official duties.[3] *See United States v. Feola*, 420 U.S. 671, 679 (1975) (explaining that § 111 protects "*both* federal officers and federal functions").

With that understanding, we will sustain Carr's conviction on Count 1. At trial, the Government proved that an ATF agent directed the victim to attempt a controlled purchase of firearms from Carr and that Carr utilized a firearm to assault the victim during the

---

[3] Our conclusion is also supported by the decisions of other federal courts of appeals that have interpreted § 111 and § 1114 to afford broad protection for those who assist federal officers and employees. *See United States v. Bedford*, 914 F.3d 422, 424-25 (6th Cir. 2019) (upholding conviction under § 111 where defendant shot at driver for private trucking company who was transporting United States mail pursuant to contract with United States Postal Service); *United States v. Holder*, 256 F.3d 959, 960-62, 966-67 (10th Cir. 2001) (affirming murder conviction under § 1114 where defendant killed man immediately after he finished helping federal employee flag property boundary); *United States v. Matthews*, 106 F.3d 1092, 1096-97 (2d Cir. 1997) (sustaining conviction under § 111 where defendant assaulted handyman while he was performing maintenance on hotel seized by federal government).

attempted controlled purchase. That evidence is sufficient to support Carr's conviction for violating § 111(a)(1), (b).

Because the district court did not err in denying Carr's motion for a judgment of acquittal on Count 1, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5